## COMMONWEALTH vs. PATRICK McCAUGHEY.

An indictment on *St.* 1855, *c.* 405, for keeping " a certain building," used for the illegal sale and illegal keeping of intoxicating liquors, is not maintained by proof of occupying and keeping for that purpose one of several tenements in the same building.

INDICTMENT on *St.* 1855, *c.* 405.  The indictment averred that the defendant kept and maintained " a certain building," used for the illegal sale and illegal keeping of intoxicating liquors, whereby, and by force of the statute in such case made and provided, " the said building" was a common nuisance.

At the trial in the court of common pleas, it was in evidence that in the building in which was the defendant's shop, there were several other tenements occupied by different families, and not occupied by the defendant.  The defendant contended that this proof of keeping a tenement only did not support the averment that the defendant kept a building.  But *Briggs*, J. ruled that there was no variance; the jury returned a verdict of guilty. and the defendant alleged exceptions.

*C. I. Reed*, for the defendant.  The statute, by mentioning both " building " and " tenement," shows that the words were not considered synonymous by the legislature; and the variance between the indictment and the proof is fatal.  Arch. Crim. Pl. (10th ed.) 99.  Rosc. Crim. Ev. (2d ed.) 103.  2 Russell on Crimes, (7th Amer. ed.) 140 note, 794.  *Commonwealth* v. *M'Monagle*, 1 Mass. 517.

*J. H. Clifford*, (Attorney General,) for the Commonwealth.  Every tenement is part of a building, and the statute imposes the same punishment on keeping and maintaining of the part, as of the whole.  The variance is therefore immaterial.  In the analogous case of an indictment for keeping a house of ill fame, it is never necessary to prove that the whole house was used for the illegal purpose.

METCALF, J.  The court are of opinion that the ruling, as to the alleged variance between the averment in the indictment and the proof offered to sustain that averment, was erro-

neous. The *St.* of 1855, *c.* 405, § 1, declares " all buildings, places or tenements, used for the illegal sale or keeping of intoxicating liquors," to be common nuisances. The second section prescribes the punishment for keeping or maintaining such nuisances; that is, any building, place or tenement, used for the purpose mentioned in the first section. Now as a building is a tenement, though a tenement may be a part of a building, or something besides a building or a part thereof, the word "building," in this statute, is superfluous, unless we can find a meaning for it, which shall give it some effect. And we are bound to search for such a meaning. For it is an anciently established rule in the interpretation of statutes, that such a sense is to be made upon the whole statute, that no clause, sentence or word shall prove superfluous, void or insignificant, if, by any other construction they may all be made useful and pertinent. 1 Show. 108. Bac. Ab. Statute, I. 2. We can give effect to the word "building," in the statute before us, by construing it to mean the whole building, and the keeping or maintaining thereof for the illegal sale or illegal keeping of intoxicating liquors therein to mean the keeping or maintaining of the whole building, by the same person or persons. And we see no other way in which we can give the word any distinctive meaning. Whether the use of the word "tenement" only, in an indictment, would not be equally proper and sufficient, when the whole building is held by one occupant, we need not now consider. But we are of opinion that the keeping or maintaining of an apartment in a building, which apartment is held separately from the rest of the building, is not a keeping or maintaining of a building, but is the keeping or maintaining of a tenement, within the meaning of the statute.

*Exceptions sustained.*