THE STATE v. VERDEN.

Criminal law: VARIANCE. Where an indictment founded upon section 1564 of the Revision charged that the defendant did use "a one-story frame building on the north side of Main street, next door west from *Chambers'* store, in Agency city, Wapello county, Iowa, as a place in which to keep, and did then and there keep, intoxicating liquor, with intent to sell," etc., it was held by the District Court that proof that the building in which the liquor was alleged to have been kept was next door west of *Chamberlain's* store, instead of *Chambers'* store, as alleged, was not such a variance as would authorize an acquittal; and, this court being equally divided in opinion, the judgment of the District Court was affirmed by operation of law.

*Appeal from Wapello District Court.*

THURSDAY, JANUARY 30.

CRIMINAL LAW : VARIANCE : EFFECT OF, UNDER THE STATUTE. — The indictment, founded upon section 1564 of the Revision, charges that the defendant, at, etc., on, etc., " did use a certain building, viz., a one-story frame building on the north side of Main street, next door west from *Chambers'* store, in Agency city, in Wapello county, Iowa, as a place in which to keep, and did then and there keep, intoxicating liquor with intent to sell, in violation of law," etc.

Plea — not guilty.

On the trial the State introduced a witness who testified as follows: " I know defendant; he has a saloon in Agency city, Iowa; have seen persons drink in his saloon; have bought lemonade there with claret and port wine in it, in 1866; would produce intoxication; defendant's saloon is in Agency city, Wapello county, Iowa, on the north side of the street, and next door west of *Chamberlain's* store; it is not next door west to *Cham-*

*bers'* store." The State here rested, and the defendant produced no testimony.

The court instructed the jury, that "proof that the store-room on the east of said house in which the intoxicating liquor is alleged to have been kept, was occupied by *Chamberlain*, instead of *Chambers*, as alleged in the indictment, is not such a variance as would authorize you to acquit the defendant, if you find the offense otherwise sufficiently established." Defendant excepted. The court also refused to charge, at the instance of the defendant, that such a variance was necessarily fatal. To which defendant also excepted. Verdict guilty — judgment.

Defendant appeals.

*Henry O'Connor*, Attorney-General, for the State (appellee).

*Hendershott & Burton* for the defendant (appellant).

DILLON, Ch. J. — The only question made on this appeal is, whether the variance between the names of *Chambers* and *Chamberlain* is such as, under our statute, to require a reversal of the judgment. Defendant's counsel contend "that the description in the indictment, of the location of the building alleged to be a nuisance, is matter of local description, hence must be proved as laid — the variance being of necessity fatal." Mr. Justice COLE, and the writer, are of opinion, if the above rule applies to this case, that, under *existing statutes*, this variance is no longer of such a nature as to require or justify a reversal of the judgment, it not affecting "the substantial rights of the defendant upon the merits" (Rev. §§ 4660, subdiv. 4, 5; §§ 4925, 4650, 4659, cl. 5).

Justices WRIGHT and BECK are of a contrary opinion, and regard the case of *The State* v. *Crogan* (8 Iowa, 523),

decided in 1859, as applicable to the present case, and the rule therein recognized as not having been abrogated or relaxed by the present statutes regulating criminal procedure. In their opinion, the court erred in its instructions to the jury, and the judgment should be reversed. In consequence of this equal division in opinion, the judgment of the court below stands, by operation of law,

Affirmed.