THE STATE OF KANSAS v. JOSEPH STERNS.

1. INTOXICATING LIQUOR; *Sufficient Information.* In an information under chapter 128, Laws of 1881, it is unnecessary to state the kind or the class of the liquor, but it is sufficient to charge that the defendant sold intoxicating liquors at the time and place.

2. PLACE OF OFFENSE; *Information Properly Amended.* Where the information described the place of the offense as a "certain wooden building known as the Belmont House, situated on fractional lots 14, 15 and 16, in block 24, in the city of Parsons," and the testimony abundantly showed that there was such a building known as the Belmont House in the city of Parsons, and that the defendant was carrying on business there, and there was no testimony tending to show that there were two places known by that name in that city, *held*, that the court did not commit any error affecting the substantial rights of the defendant in permitting, pending the trial, the prosecutor to strike from the information the words, "situated on fractional lots 14, 15 and 16, in block 24."

3. JOINT CHARGE; *Separate Trial.* An information charging M. and S. with unlawfully selling intoxicating liquors is equivalent to a charge that each of them is guilty of so selling, and under such an information, where S. is tried separately, he may be convicted, although the testimony fails to show that M. had any connection with the selling.

4. INSTRUCTION, *Rightly Denied.* Where M. and S. were charged in one information with unlawfully selling liquors, and S. being tried separately is shown to have sold liquor at the time and place named, and there is no testimony tending to show that he was acting as the agent or employé of M., the court did not err in refusing an instruction to the effect that a permit to M. to sell liquor would be a protection to S. if S. was acting as his agent or employé.

*Appeal from Labette District Court.*

AT the November Term, 1881, of the district court, *Sterns* was found guilty of an unlawful sale of intoxicating liquor, and sentenced to pay a fine of $250 and costs, from which judgment he appeals. The facts appear in the opinion.

*Bettis & Morrison,* for appellant.

*L. C. True,* county attorney, for The State.

The opinion of the court was delivered by

BREWER, J.: Information was filed in the district court of Labette county, charging that the defendant and one E. R. Marvin did unlawfully sell intoxicating liquors, without having a permit. The information contained ten counts, charging a violation of the law on ten successive days. The jury returned a verdict of guilty as charged in the third count, upon which verdict a judgment was entered of a fine of $250 and costs; from which judgment the defendant Sterns appeals to this court. The material portion of the count upon which the defendant was found guilty is as follows: "That at the county of Labette aforesaid, on the 22d day of October, 1881, in a certain wooden building known as the Belmont House, situated on fractional lots 14, 15, 16, in block 24, in the city of Parsons, in said county of Labette and state of Kansas, said E. R. Marvin and Joseph Sterns did unlawfully sell intoxicating liquors without having a permit to sell intoxicating liquors as provided by law."

The first contention of counsel for appellant is, that the information does not state facts constituting a public offense, and is too indefinite to put the defendant upon trial, and that on the ground that there was no sufficient description of the liquors sold.

Section 21 of the prohibitory law declares that it shall not be necessary, in the information, to state the kind of liquor manufactured or sold. This section has been adjudged constitutional. (*The State v. Schweiter,* 27 Kas. 499.) But the precise

point of the argument made by counsel is, that the prohibitory law includes certain *classes* of liquors—(the first section reads: "Any spirituous, malt, vinous, fermented or other intoxicating liquors,")—and that the information, to be specific and definite, and to acquaint the accused with the nature and cause of the accusation as required by § 10 of the bill of rights, should disclose the *class* of liquors, whether spirituous, malt, or other, though under § 21 it might not be necessary to state the *kind* in that class, whether whisky, gin, brandy, beer, or ale. In other words, the specific kind of liquor need not be stated, but the class should be. This is straining a point, and is extremely technical. The object of the prohibitory law is to reach all intoxicating liquors. The language of §§ 1 and 10 makes this very clear and emphatic. A fair and reasonable construction of § 21 shows that the legislature intended that it should be sufficient to charge generally the sale of intoxicating liquors, without descending into any specification of the particular liquor claimed to have been sold; and whatever may be thought of the wisdom of such legislation, it seems to be settled by abundant authority that the power exists to permit such general statement of offense in an information. But is it so lacking in precision and definiteness as counsel contend? The precise place at which the liquors were sold must be stated, and where the charge is that a party at such a place sold intoxicating liquors, is he not informed of the nature and cause of the accusation against him as fully as though he were charged with stealing in a certain county a horse belonging to a certain party? It is true there may be a hundred different kinds of liquor, but so in the other instance, the party from whom the horse is charged to have been stolen may have been the owner of a hundred horses—and yet would it seriously be contended that any further or more minute description of the property stolen is required, than that it belonged to the owner? The offense is in the stealing in the one case, and in the selling in the other; and when in addition to the county the precise place in the county must also be stated, it would seem that the defendant

has no reasonable ground of complaint, if the prosecutor fails to allege in his information whether it was beer or whisky that was sold at that place.

The second objection is, that the court permitted an amendment of the information pending the trial. It will be perceived that the information contains a two-fold description of the place at which the sale was charged. It is described as a certain wooden building known as the Belmont House, and is thus described by its name. It is also described by its location as situated on fractional lots 14, 15 and 16, in block 24. Now after the jury had been impaneled, and while the state was introducing its testimony, the court permitted the prosecutor to strike out the words: "Situated on fractional lots 14, 15 and 16, in block 24," leaving the description to read as: "A certain wooden building known as the Belmont House, in the city of Parsons." This ruling is assigned for error. No delay was asked by the defendant after the filing of the amendment, no showing that he was surprised or prejudiced thereby; but the claim is that by striking out that portion of the information there was such a material change as of itself in the description to prejudice the substantial rights of the defendant, and that he is therefore entitled to another trial. It would seem probable, from the proceedings at the time the amendment was made, that the Belmont House was not in fact situated on the lots named; and the argument of counsel is that the state was unable to prove the description of the place exactly as stated before the amendment, and must therefore have failed in the prosecution as it then stood; that by striking out the words which were stricken out the prosecutor was enabled to prove the place exactly as stated; hence the amendment was material, and the statute only allows an amendment in a mere matter of form after the case has gone to trial. (Criminal Code, § 72.) We do not think the objection is well taken. The criminal code, § 293, provides that on an appeal the court must give judgment without regard to technical errors or defects, or to exceptions which do not

affect the substantial rights of the parties. The testimony abundantly shows that there was a place known as the Belmont House in the city of Parsons, and that the defendant was carrying on business there. The description was complete after the amendment. There was no testimony tending to show that there were two places, each known as the Belmont House, or that by any means defendant could have been misled as to the place intended. Hence, to reverse the judgment on this account would be sacrificing substance to form. Indeed, if no amendment had been made, would the partially false description have been fatal to the judgment? (*Insurance Co. v. McLanathan*, 11 Kas. 533.)

The third error alleged is, in the refusal of the court to give this instruction: "Evidence that the defendant Sterns committed an offense, but not jointly with the defendant Marvin, is a variance from the information, and under it the defendant Sterns cannot be found guilty upon this information of the offenses charged." Defendant Sterns, upon his demand, was tried separately, and the court instructed the jury substantially that if they found that the defendant Sterns sold the liquor at the time and place named without having a permit, they could find him guilty. In this we see no error. As far as the case of *Stephen & Everett v. The State*, 14 Ohio, 386, pronounces a different doctrine, it does not commend itself to our judgment. The offense charged in this case was not one that required the coöperation of two parties in order to its commission. It charged that two persons at a certain time and place unlawfully sold liquor, and under such an information as that we have no question that either may be convicted, and this notwithstanding the testimony fails to inculpate in the slightest degree the other. It is an every-day thing in criminal practice, for indictments and informations to charge two or more persons with the commission of an offense, and unless the offense be of such a nature that the coöperation of two or more is essential to its commission, the pleading is regarded as a separate charge against each. The verdict may

be for one and against the other. (Cr. Code, § 114.) And where separate trials are awarded, each one is tried as if he were the only party charged.

The final matter that we shall notice is, the refusal of the court to instruct as follows: "That if the defendant Sterns was the employé or agent of the defendant Marvin, and sold intoxicating liquors in that capacity for Marvin, then a permit from the lawful authority to Marvin to sell intoxicating liquors would be a protection to Sterns, unless the state further shows that the liquors were sold in another manner and for other purposes than the manner and purposes allowed by such permit to Marvin." The court properly refused this instruction, because there was no testimony upon which it could rest. The state proved by the probate judge that no permit had been issued to Sterns, proved that he sold liquor, and there was no testimony in any way tending to show that he was acting as the agent or clerk of Marvin. So far as the testimony showed, he was acting for himself; and in such a case it is unnecessary to introduce testimony proving that the other defendant, jointly charged but separately tried, had no permit. It is doubtless true, that if the testimony showed that Sterns was acting simply as an employé of Marvin, the question suggested by this instruction might have arisen in the case.

These are all the matters that we deem essential to notice. In them we see no error, and upon the testimony it is evident that the jury gave the defendant the benefit of all possible doubts in simply finding him guilty upon one count.

The judgment will therefore be affirmed.

All the Justices concurring.