## THE STATE OF KANSAS V. CLINTON RENO.

1. NUISANCE — *Information — Alleged Defects Not Pointed Out.* In a criminal prosecution under § 13 of the prohibitory liquor law, as amended by § 4 of the act relating to intoxicating liquors, approved March 5, 1887, Laws of 1887, chapter 165, for keeping and maintaining a nuisance from August 1, 1887, up to the filing of the information, which was on September 13, 1887, the defendant moved the court to require the county attorney to file a bill of particulars showing more specifically the facts upon which he relied for a conviction, but did not set forth in his motion the portions of the information which he claimed to be insufficient or defective, nor point out to the court wherein he desired a fuller statement of the facts. *Held*, That the court did not err in overruling such motion.

2. MOTION TO QUASH — *Grounds Untenable.* Where a motion was made to quash a criminal information upon three particular grounds, and the grounds were untenable, and the court overruled the motion, *held*, not error.

3. ———— Four days before the trial the names of additional witnesses were permitted to be indorsed upon the information. *Held*, Not error.

4. CHANGE OF VENUE — *No Error in Refusing.* Where a motion was made in a criminal prosecution for a change of venue on the alleged grounds: First, that the judge of the court was prejudiced against the defendant; and second, that the people of the district were also prejudiced against him, and the affidavits supporting the motion did not sufficiently show such prejudice, and the defendant afterward obtained a fair and impartial jury to try his case, *held*, that the court did not commit error, and certainly not material error, in overruling the motion.

5. CONTINUANCE — *Refusal, Not Error.* Where a defendant in a criminal prosecution moved the court for a continuance on the ground of the difficulty there might be in procuring an impartial jury, and for the further reason that the names of additional witnesses had been indorsed upon the information only four days prior to that time, and the court overruled the motion, *held*, not error.

6. NUISANCE — *Evidence.* In a criminal prosecution such as is mentioned in No. 1 of this syllabus, the state may show that the nuisance charged was committed at a time prior to that alleged in the information.

7. ———— *Description — Incorrect Statement in One Particular.* And in such a case, where the information gives a lengthy and explicit description of the place where it is alleged the nuisance was kept

and maintained, an incorrect statement as to one of the numerous particulars in the description, which could not possibly mislead the defendant nor affect his interests prejudicially, is not fatal to the prosecution.

8. EVIDENCE — *Other Sales of Intoxicating Liquor.* And in such a case, where the information is verified by both the county attorney and the prosecuting witness, it is not error to permit evidence to be introduced on the trial showing sales of intoxicating liquors other than those of which the prosecuting witness had knowledge.

9. INSTRUCTIONS, *No Error in Giving.* No material error was committed in giving instructions to the jury, and the instructions given were not excepted to.

10. ———— *No Error in Refusing.* No error was committed in refusing to give instructions, as all that were asked for and refused which were proper and necessary to be given in the case were embodied in the general charge of the court.

## *Appeal from Finney District Court.*

ON September 13, 1887, the county attorney of Finney county filed in the district court of that county a criminal information, which, omitting title and signature, reads as follows:

"I, W. R. Hopkins, county attorney of said Finney county, in the name, by the authority, and in behalf of the state of Kansas, come here now and give the court to understand and be informed:

"That on the 1st day of August, 1887, and at divers other times and days, and from the said 1st day of August, 1887, to the time of the filing of this information, in the county of Finney and state of Kansas, one Clinton Reno, then and there being, did then and there own and keep, and does still own and keep, a certain place described as follows: A place known as Clinton Reno's drug store, located in the lower story of a two-story wooden building, including a shed or cellar attached thereto on the west, adjoining such drug store and building, all situated on lot seven of block fifty-one, in the original plat of Garden City, Finney county, Kansas, on the west side of Main street, south of the Atchison, Topeka & Santa Fé railroad track, in the city of Garden City, in Finney county, Kansas. That during such time neither the said Clinton Reno, nor anyone employed by him, or doing business on the place or premises described, had a permit from

the probate judge of Finney county to sell intoxicating liquors. That said place was then and there and is now a place where intoxicating liquors were and are sold, bartered and given away in violation of the provisions of chapter 165 of the Session Laws of 1887 of the state of Kansas, and of chapter 128 of the Session Laws of 1881, and of other statutes of Kansas, by being sold, bartered and given away by persons not having a permit from the probate judge of Finney county to sell intoxicating liquors; and was then and there and is now a place where persons were and are permitted to resort for the purpose of drinking intoxicating liquors as a beverage, and where intoxicating liquors were then and there and are now kept for sale, barter, and delivery, in violation of the provisions of said chapter 165 of the Session Laws of 1887 of the state of Kansas. That during said time on said premises said Clinton Reno did then and there and does now sell, barter, and give away intoxicating liquors in violation of the provisions of said chapter 165 of the Session Laws of 1887 of the state of Kansas, and of chapter 128 of the Session Laws of 1881, and of other statutes of Kansas; and said Clinton Reno did then and there and does now permit persons to resort to such place for the purpose of drinking intoxicating liquors as a beverage, and did then and there and does now keep for sale, barter and delivery on said place and premises, contrary to the provisions of said chapter 165 of the Session Laws of 1887, intoxicating liquors, to the common nuisance of the people of the state of Kansas; contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state of Kansas."

On September 15, 1887, the defendant filed a motion in the case to require the county attorney to file a bill of particulars, which motion, omitting title and signature, reads as follows:

"Now comes the defendant by his attorneys and moves the court to require the county attorney to file a bill of particulars in this case, setting forth the specific facts constituting the nuisance charged in the information filed in this cause, for the following reason, to wit: First, because the information does not state specifically the acts of the defendant in keeping and maintaining the common nuisance charged in the information, but states such facts only in general language."

This motion was overruled by the court. On October 18, 1887, the defendant filed a motion in the case to quash the

information, which motion, omitting title and signature, reads as follows:

"Comes now the above-named defendant, Clinton Reno, and asks the court to quash the information filed against him in said cause, for the following reasons:

"First, that said information does not state facts sufficient to constitute a public offense under the laws of the state of Kansas.

"Second, that said information is not verified as by law required.

"Third, that said information is indefinite and uncertain, and does not inform defendant of the nature of the offense charged against him."

This motion was also overruled by the court. From January 4, 1888, up to January 10, 1888, a trial was had before the court and a jury, which resulted in a verdict of guilty as against the defendant. On January 20, 1888, the court granted the defendant a new trial. On January 26, 1888, the county attorney, with leave of the court, indorsed the names of additional witnesses upon the information. On January 30, 1888, the defendant filed a motion in the case for a change of venue, which motion, omitting title and signature, reads as follows:

"Comes now the said defendant in his own proper person, and moves the court to grant defendant herein a change of venue to the district court of some county in a different district, for the following reasons, to wit:

"1. That the district judge before whom said cause is now pending is prejudiced against this defendant; that defendant verily believes he cannot have a fair and impartial trial in Finney county, or in any county in the 27th judicial district. The said defendant therefore asks the court to change the place of the hearing of said cause to some different district in said state of Kansas.

"2. For a second and further ground for a change of venue, defendant says that the people of Finney county and of the 27th judicial district, and all the counties of said district, are so prejudiced against this defendant by reason of a certain article that appeared in *The Daily Sentinel* on the 10th day of January, 1888, wherein defendant was charged with corruption, that this defendant cannot have within such Finney

county or the 27th judicial district a fair and impartial trial of said cause. Wherefore, defendant asks that he be allowed a change of venue for the reasons herein named, to some different district; and it is further represented to the court that the facts contained in the within motion have come within the knowledge of this defendant since the last continuance of this cause."

This motion was overruled by the court. On the same day the defendant filed a motion for a continuance, which motion, omitting title and signature, reads as follows:

"Comes now the said defendant in said above entitled cause, and asks the court to continue the hearing of this cause until the next regular term, for the following reasons that are set forth in the affidavit hereto attached, marked 'Exhibit D.'"

This motion was overruled by the court. On the same day a second trial was commenced before the court and a jury, which continued until February 1, 1888, when a verdict was rendered by the jury finding the defendant guilty. Immediately thereafter a motion was filed by the defendant for a new trial, which motion was on February 13, 1888, overruled by the court, and the defendant was then sentenced and adjudged by the court to pay a fine of $300 and to be imprisoned in the county jail for thirty days and to pay the costs of suit; and from this sentence and judgment the defendant appeals to this court.

*A. J. Hoskinson,* for appellant.

*L. B. Kellogg,* attorney general, and *H. F. Mason,* county attorney, for The State.

The opinion of the court was delivered by

VALENTINE, J.: This was a criminal prosecution under §13 of the prohibitory liquor law as amended by §4 of the act relating to intoxicating liquors, approved March 5, 1887. (Laws of 1887, chapter 165.) Many questions are presented, which we shall consider in their order.

I. It is claimed that the court below erred in overruling the defendant's motion to require the county attorney to file a

bill of particulars showing more specifically the facts upon which he relied for a conviction. We think this is one of that class of cases in which the court might in its discretion require the prosecution to file a bill of particulars, but such bill of particulars will be required only in cases where the indictment or information does not of itself definitely and specifically set forth the facts, but sets them forth only vaguely or in such general terms that the defendant could not well know what he is required to defend against. Of course the defendant has the right in all cases to demand that the nature and the cause of the accusation against him shall be clearly and definitely set forth in the written charge against him. (Section 10, Bill of Rights.) But where the complaint is sufficient in all particulars except that it states the facts constituting the offense only in general terms or vaguely, and not in specific detail, the defendant must, if he desires a more elaborate or detailed statement of the facts, set forth in his motion the portions of the indictment or information which he claims to be insufficient or defective, and point out to the court wherein he desires a fuller, more complete, more definite or more circumstantial or particular statement of the facts. This was not done in the present case. The defendant's motion was certainly as objectionable in this respect as was the information, and the court below did not err in overruling it. We think the information was sufficient as against such a motion.

II. The defendant also claims that the court below erred in overruling his motion to quash the information, and this upon three grounds, none of which we think are tenable. In reference to these grounds we would state: *First,* the information did state facts sufficient to constitute a public offense; *second,* it was verified by the oaths of both the county attorney and E. B. Titus, the prosecuting witness, and each verification was sufficient. And we think the information was sufficiently definite and certain in its statements of the facts set forth as constituting the offense charged against the defendant.

III. It is claimed that the court below erred in permitting the county attorney to indorse the names of additional witnesses upon the information. There was certainly no error in this. (*The State v. Cook,* 30 Kas. 82; *The State v. McKinney,* 31 id. 570, 576, and cases there cited; *The State v. Taylor,* 36 id. 329, 336; *The State v. Dowd,* 39 id. 412, 416.)

IV. The defendant further claims that the court below erred in overruling his motion for a change of venue. This motion was based upon two grounds: First, that the judge of the court was prejudiced against the defendant; and second, that the people, not only of Finney county, but of the entire district, were prejudiced against him. In order to show that the judge was prejudiced against him, he furnished a statement made by the judge to the jury on a former trial of this same case, in which statement there was some harsh language used as toward the jury, and from which statement it can clearly be seen that the judge believed the defendant to be unquestionably guilty of the offense charged against him; but there is nothing in the statement that shows that the judge had any personal prejudice against or ill-feeling toward the defendant, or that the defendant could not have a fair trial before him. Besides, that very trial resulted in a verdict by the jury that the defendant was guilty, and the court afterward, and on the motion of the defendant, set aside the verdict of the jury and granted the defendant a new trial. As to the people of the county, the defendant's affidavits did not sufficiently show prejudice; and besides, from anything appearing in the case, the defendant afterward and without the slightest difficulty obtained a fair and impartial jury to try his case. Nothing transpired during the impaneling of the second jury, so far as the record shows, or during the entire trial by this second jury, that would indicate that the defendant did not have a fair and impartial trial so far as the people of Finney county or this jury are concerned. We think the motion was rightly overruled; and certainly no material error was committed.

V. The defendant also claims that the court below erred in overruling his motion for a continuance. His principal grounds for the motion were that his first trial in the case had occurred only twenty days prior to that time, and at the same term; and that the regular jurors summoned for that term had all heard the testimony at the previous trial and had formed an opinion in the case; and that the names of the aforesaid additional witnesses had been indorsed upon the information only four days prior to that time, and therefore that he was not and could not be ready for trial. It appears, however, that a fair and impartial jury was obtained; and it does not appear that the defendant attempted to do, or needed to do, or could have done, anything further to be ready for trial after the indorsement was made upon the information of the names of the additional witnesses. We cannot say that the court below erred in refusing to grant the continuance prayed for.

VI. The defendant further claims that the court below erred in admitting the testimony of E. B. Titus and others tending to show that the defendant committed the offense at a time not alleged in the information. The information alleged that the defendant committed the acts constituting the offense from August 1, 1887, up to the filing of the information, which was September 13, 1887. The state, in introducing its evidence in chief, introduced evidence tending to show that the defendant committed the acts constituting the offense charged against him from May 1, 1887, up to September 13, 1887. The defendant in rebuttal introduced evidence tending to show that he did not have charge of the premises where the offense is alleged to have been committed, from April 21, 1887, up to October 21, 1887; that on April 21, 1887, he transferred his business to another man, and did not take charge of it again until October 21, 1887. The state then introduced further evidence tending to show that the defendant did have charge of the premises, not only from May 1, 1887, up to September 13, 1887, but all the time from April 1, 1887, up to September 13, 1887, and also introduced evidence tending to show that the defendant had committed many acts constitut-

ing the offense charged against him during the month of April, 1887, and prior to the 21st day of such month. The defendant claims that the admission of all this evidence was error, upon the ground that where a continuing offense, or one composed of different acts at different times, is charged, the time alleged must be strictly proved, and no proof of any other time can be allowed; and he cites a large number of cases from Massachusetts, commencing with *Commonwealth v. Pray*, 13 Pick. 359, 364; and *Commonwealth v. Briggs*, 11 Metc. 573; and one from Maine, *The State v. Small*, 14 Atl. Rep. 942, as sustaining his claim. We think these cases do support the claim made by the defendant, and while they evidently state the law of Massachusetts and Maine, we do not think that they state the law as it exists elsewhere. It is not the English common law as understood in England or in this country, outside of Massachusetts and Maine. The general rule of law is that it is not necessary to prove that the offense was committed at the time at which it is alleged to have been committed, but it may be proved to have been committed at any time within the period prescribed by the statute of limitations within which the action might be commenced. There are some exceptions to this general rule, as where offenses cannot be committed except on certain days, or within certain specific portions of time, as on Sunday, on the fourth of July, on election days, or in the night-time. But this present case does not come within any of the exceptions mentioned by any of the authorities, as existing anywhere except in Massachusetts and Maine. See the following authorities supporting the general doctrine: 2 Hawkins's Pleas of the Crown, 613, § 169; 1 Archbold, Criminal Pr. & Pl. *119; 5 Bacon's Abr., "*Indictment*," G. 4; Roscoe, Cr. Ev. 89; Wharton, Cr. Ev., § 103; 1 Bishop, Cr. Pr., §§ 397, 402, and notes. Mr. Bishop does not regard "the peculiar Massachusetts doctrine" as being good law, and believes it to be against reason and against all authority elsewhere. We know of no adjudicated cases outside of Massachusetts and Maine precisely in point. However, in Oregon, in the case of *The State v. Ah Sam*, 13

Pac. Rep. 303, the supreme court took occasion to express their disapproval of the Massachusetts doctrine. Certainly, if an offense, consisting of a single act, and alleged to have been committed on a certain day, may be proved to have been committed on some other day, it would seem that an offense continuous in character or consisting of several distinct acts committed at different times and alleged to have been committed within a certain period of time, consisting of many days, or even months, might be proved to have been committed within some other period of time, provided of course that the offense which is proved is not barred by any statute of limitations.

VII. It is claimed that there is a variance between the allegations of the information and proof in this case. It was alleged that the offense was committed on lot 7 in block 51 of Garden City, Kansas, while it is claimed that the evidence showed that it was committed on lot 7 in block 5 of Garden City, Kansas. It is admitted by the prosecution that the information is just as it is claimed to be, but it is denied that the proof was as it is claimed. It appears from the original record brought to this court that the prosecuting witness, E. B. Titus, stated that the offense was committed on lot 7 in block 5, but it is shown by an attempted amendment to the record that in fact he did not so state, but stated that the offense was committed on lot 7 in block 51; but the defendant, in procuring his bill of exceptions, mistakenly made it read lot 7 in block 5. The judge of the district court afterward attempted to correct and amend this bill of exceptions, but as no error with reference thereto was made in the court, but only by the judge, we suppose this amendment cannot be considered, and we shall therefore have to consider what is stated in the original bill of exceptions as true, and as though the witness Titus had in fact said "lot 7 in block 5," when in fact he said "lot 7 in block 51." We do not think, however, under the circumstances of this case, that this variance is fatal. The information gives a very lengthy and explicit description of the place where the offense is alleged to have

been committed. The place is described as follows: "A place known as Clinton Reno's drug store, located in the lower story of a two-story wooden building, including a shed or cellar attached thereto on the west adjoining such drug store and building, all situated on lot 7 of block 51 in the original plat of Garden City, Finney county, Kansas, on the west side of Main street, south of the Atchison, Topeka & Santa Fé railroad track, in the city of Garden City, in Finney county, Kansas." The proof with reference to the place where the offense was committed corresponds to the description of the place contained in the information in all particulars except the one with relation to the block where the offense was committed, and there has never been any pretense that there was any other place in Garden City or elsewhere that would answer to such a description. This question of variance was not raised during the trial, nor at any other time in the court below, but it is raised for the first time in this court. Also, the witness W. O. Finch testified that he resided right across the street from the defendant's place of business, and that he resided on block 50. We do not think that the partially false description is fatal in this case. (*The State v. Sterns*, 28 Kas. 154, 157, 158.)

VIII. There was no error in permitting evidence of violations of law of which Mr. Titus, the prosecuting witness, had no knowledge, for the information was not only verified by Titus, but it was also verified by the county attorney, and each verification was sufficient; besides, this is not a case like the case of *The State v. Brooks*, 33 Kas. 708. This is a prosecution for keeping a nuisance at a particular place, while that was a prosecution for the sale of intoxicating liquors. In this case it is not necessary to show to whom the liquors were sold, while in that case it was. In this case the defendant might be convicted of the offense charged against him without showing that he ever sold a single drop of any kind of intoxicating liquors, while in that case the *gravamen* of the offense charged was the *sale* of the liquor *to some person*. In cases like the present, a showing of a mere keeping of intoxicating liquors

C. K. & W. Rld. Co. v. Grovier.

for sale, or a keeping of a place "where persons are permitted to resort for the purpose of drinking intoxicating liquors as a beverage" is sufficient, under the statutes, to render the place where the liquors are kept or where the persons are permitted to resort, a nuisance, and to render the keeper thereof guilty of keeping a nuisance.

IX. It is further claimed that the court below erred in giving instructions to the jury. We think, however, no substantial error was committed in this respect; and besides, none of the instructions were excepted to.

X. It is also claimed that the court below erred in refusing the special instructions asked for by the defendant. We think no such error was committed. All that was proper and necessary to be given of such instructions were embodied in the general charge of the court.

The judgment of the court below will be affirmed.

All the Justices concurring.