Hull *v.* The State.

Filed Sept. 27, 1889.

| | |
|---|---|
| 120 | 153 |
| 121 | 534 |
| 120 | 153 |
| 152 | 656 |

No. 15,014.

## HULL *v.* THE STATE.

CRIMINAL LAW.—*Disturbing Meeting.*—" *Salvation Army.*"—One who enters a room where a collection of persons known as the "Salvation Army" are conducting religious services according to their accustomed method, and, with his hat on and a cigar in his mouth, persists in conducting himself in an offensive manner, and so diverts attention from the services then in progress, is guilty of disturbing a meeting, within the meaning of section 1988, R. S. 1881.

SAME.—*Information.*—*Descriptive Matter.*—*Surplusage.*—*Variance.*—An information for disturbing a religious meeting is complete without an allegation that the defendant's conduct was to the disturbance of certain named persons, and as the latter allegation is surplusage, a failure to prove that all the persons whose names are given were disturbed, is not a variance.

From the Miami Circuit Court.

*S. D. Carpenter,* for appellant.

*L. T. Michener,* Attorney General, and *J. H. Gillett,* for the State.

MITCHELL, J.—The appellant was found guilty of having violated the provisions of section 1988, R. S. 1881, by disturbing a collection of persons known as the "Salvation Army," who were met together for religious worship.

It is insisted that the evidence does not sustain the verdict.

A number of witnesses testified that the appellant entered a room where persons adhering to the above named society or organization were assembled for the purpose of conducting religious services according to their accustomed method, with a cigar in his mouth and without removing his hat, and that he persisted in conducting himself in this offensive manner, after he had been courteously requested to desist.

The evidence tends to show that his conduct was such as to divert the attention of the audience from the services then in progress to himself, and members of the assembly testified that they were disturbed by his behavior. There was conflict in the testimony, but it is manifest that the jury believed that which tended to establish the foregoing statement. Such conduct as that above described is wholly indefensible, and was well calculated to disturb an assemblage of worshippers. *McLain* v. *Matlock,* 7 Ind. 525.

It makes no difference that the method of worship of those assembled was singular or uncommon. The protection of the statute is extended to all, irrespective of creed, opinion, or mode of worship.

Persons who meet for the purpose of religious worship, by any method which is not indecent and unlawful, have a right to do so without being molested or disturbed. Whart. Crim. Law, section 1556*a;* Gillett Crim. Law, section 381.

After charging that the appellant unlawfully molested and disturbed a certain collection of divers inhabitants of the State, who were met together for religious worship, the in-

formation concludes with the allegation that the acts and conduct of the appellant therein described were to the disturbance of certain persons named, who were there present at the meeting. It is now contended that there is a fatal variance, in that the proof fails to show that all those named were disturbed. The point is not well taken. It is settled that where an indictment or information contains allegations descriptive of the identity of that which is legally essential to the charge, even though the description be unnecessarily minute, the proof must agree substantially with the description. *Lewis* v. *State*, 113 Ind. 59, and cases cited ; 1 Bishop Crim. Proc., section 485.

Where unnecessary descriptive matter is mingled with matter of essential description, the whole must be proved as laid, but "The limit of the doctrine is, that, if the entire averment, whereof the descriptive matter is a part, is surplusage, it may be rejected, and the descriptive matter falls with it and need not be proved." 1 Bishop Crim. Proc., section 487.

The information in the present case was complete without the allegation that the appellant's conduct was to the disturbance of certain persons named; and within the rule above stated, since the matter of description was merely surplusage, it was not necessary to prove it as laid. There was no error.

The judgment is affirmed, with costs.

Filed Sept. 27, 1889.