No. 1,893.

## JOHNSON. *v.* STATE OF INDIANA.

ASSIGNMENT OF ERROR.—*No Foundation in Record.*—An assignment of error which has no foundation in the record presents no question for decision.

CRIMINAL LAW.—*House of Ill-Fame.—Description of Real Estate.—Surplusage.—Proof.—Variance.*—In a prosecution for keeping a house of ill-fame, the indictment need not give a description of the real estate on which the house was situate; and if such description be given, it is mere surplusage and need not be proved as alleged nor at all.

From the Jay Circuit Court.

*J. R. Perdieu* and *W. H. Williamson,* for appellant.

*W. A. Ketcham,* Attorney-General, *M. Moores* and *R. H. Hartford,* for State.

LOTZ, J.—The appellant was charged with keeping a house of ill-fame. The prosecution was by affidavit instituted before a justice of the peace. The affidavit, omitting the caption and jurat, is in these words: "Samuel Bone swears that Belle Johnson, on the 14th day of June, 1894, and on divers other days prior to that day and the day of filing this affidavit, at said county, did unlawfully keep a certain house of ill-fame, to-wit: A house situated on lot numbered thirteen (13), in Tucker's addition to the city of Portland, in the county and State aforesaid, then and there resorted to for the purposes of prostitution by Hiram Nute and others to the affiant unknown."

The first assignment of error is that the trial court erred in overruling appellant's motion to quash the affidavit. There is nothing in the record to indicate

that a motion to quash was made or that the court below ever ruled on such a motion. No question is presented under this assignment.

The only other error assigned is the overruling of appellant's motion for a new trial. .

The appellant insists that there is a fatal variance between the charge and the proof in this, the affidavit alleges that the house which was unlawfully kept was situated on lot 13, in Tucker's addition to the city of Portland, while the proof shows that the house was situated on lot 13 in Tucker's subdivision of outlots 7, 8, 9 and 10 in D. C. Baker's addition. It is earnestly contended that there is an essential difference between an addition to a city or town and a subdivision of a part of an addition; that it was necessary to describe the realty on which the house was situated specifically, and to prove the description as alleged. The statute (section 2080, Burns Rev. 1894; section 1994, R. S. 1881) provides that "Whoever keeps a house of ill-fame, resorted to for the purpose of prostitution or lewdness, * * * shall be fined," etc. If it was essential to describe the real estate in the affidavit, it was also essential to prove it substantially as alleged or there would be a fatal variance—and this rule applies to unnecessary matters of description as well as to necessary matters—that is to say, if some description is necessary, but the pleader goes farther and alleges unnecessary matter of description, then he is required to prove both as alleged. *Ball* v. *State*, 26 Ind. 155; *Wertz* v. *State*, 42 Ind. 161; *Dennis* v. *State*, 91 Ind. 291; *Lewis* v. *State*, 113 Ind. 59. But if no matter of description need be pleaded at all, then if pleaded it is surplusage and need not be proved as alleged, or at all, and there is no variance. In *Hull* v. *State*, 120 Ind. 153, this language was used: "Where unnecessary descriptive matter is min-

gled with matter of essential description, the whole must be proved as laid, but the limit of the doctrine is that if the entire averment, whereof the descriptive matter is a part, is surplusage it may be rejected and the descriptive matter falls with it and need not be proved." 1 Bishop Crim. Proced., section 487.

Was it necessary in the affidavit under consideration to give any description of the lot or parcel of real estate on which the house was situated? If so, then the description must be proved as alleged, even if the description descend into unnecessary detail. But if no description was necessary then, if alleged, it may be treated as surplusage and no part of it need be proved.

There is much confusion in the authorities as to when matters of local description are necessary to be alleged. In the early history of English criminal jurisprudence the jurors were the witnesses who lived in the immediate locality of the crime and were supposed to have knowledge of its commission. They were summoned as witnesses. In the indictment or charge it was necessary to designate the vicinage where the crime was committed, so that the sheriff might know where to look for the jurors. Not only the county, but the immediate locality within the county, was required to be stated in the indictment. But when jurors became triers of facts and were summoned from the body of the county, it was only necessary to aver that the crime was committed in the county. The general purpose of alleging the venue now is to show that the court has jurisdiction of the offense. 1 Bishop's Crim. Proced., sections 362 to 367, inclusive.

But there is a class of cases in which place becomes an element of the offense, and in such cases the minor locality within the county must be alleged. Thus if an offense can only be committed in some place less than a

county the local description must be alleged; for example, if the offense can only be committed within a city of the county it must be alleged to have been committed within the corporate limits of the municipality.

There is also another class of cases in which it is necessary to allege a local description, as where the judgment of the court must operate upon a particular thing, such as abating a nuisance, or in case of forcible entry and detainer where restitution is to be awarded. 2 Bishop's Crim. Proced., section 866. Although perhaps in this State, even where a nuisance is sought to be abated, the premises need not be specifically described. *Howard* v. *State*, 6 Ind. 444.

The general rule is that an indictment must be sufficiently specific to advise the defendant of what he is required to meet, and to bar another prosecution for the same offense, but it is not essential that it shall be so specific as to bar a future prosecution without the aid of parol proof. The identity of two accusations may be shown by parol. *State* v. *Smith*, 7 Ind. App. 166. It may, however, be said that unless the indictment de-- scribes the lot or tract of real estate upon which the house is situated, the defendant may not be apprised of what he is to meet; that he may have kept several such houses in different localities, and thus be misled as to his defense. It is difficult to bring the case at bar within the rule of some of the decided cases.

It has been held that an indictment similar to the affidavit under consideration was sufficient which did not contain a description of the lot or parcel of ground. *Betts* v. *State*, 93 Ind. 375. Neither do the established forms for this offense require a description of the realty on which the lot is situate. Bishop Direc. and Forms, section 782; Gillett Crim. Law, section 709. In view of these authorities we have reached the conclusion that

it was not necessary to give any description of the real estate on which the house was situated, and that such description in the affidavit before us is surplusage and need not have been proved as alleged, or at all.

Judgment affirmed.

Filed October 10, 1895.