THE STATE OF NORTH DAKOTA v. THOMAS O'NEAL.

Opinion filed December 10, 1909.

**Criminal Law — Indictment and Information — Failure to Charge Second Offense on Preliminary Examination Does Not Preclude It in Information.**

1. Where a complaint in justice court on which the accused is held to answer in the district court does not allege the keeping and maintenance of the nuisance as of a second offense, the state's attorney may, under section 9792, Rev. Codes 1905, file an information in the district court for the alleged offense charging it as a second offense.

**Indictment and Information — Nuisance — Description of Place.**

2. Where the complaint in justice court on which the accused is held to answer in the district court alleges that he kept and maintained a nuisance in "a one-story log and frame building on a certain farm upon which the said Thomas O'Neal then and there resided and near the east shore of Lake Metigoshe, in Bottineau county, North Dakota," the state's attorney may file an information in the district court for that offense as having been committed in a building situated on a specially described tract of land.

**Intoxicating Liquors — Illegal Sale — Evidence — Variance.**

3. Where the information charges a liquor nuisance to have been maintained in a building on the "northwest quarter of the northwest quarter of section 1, in township 163, range 76, Bottineau county, North Dakota," it is error to admit evidence that such nuisance was maintained at a place outside of said described tract of land.

**Intoxicating Liquors — Instructions.**

4. Where the information alleges that the accused kept and maintained a liquor nuisance in a certain described building on a specifically described tract of land, it is error to instruct the jury that he may be convicted if shown to have committed that offense at any other place within the county, notwithstanding the specific allegation of the information.

**Criminal Law — Trial — Attempt to Prove Second Offense.**

5. Where the state's attorney attempts to prove the maintenance of a liquor nuisance as a second offense, and fails to do so, and the jury is expressly cautioned to disregard such offer or evidence it was not error nor misconduct for the state's attorney to offer such proof.

Appeal from District Court, Bottineau county; *Goss, J.*

Thomas O'Neal was convicted of keeping a liquor nuisance, and he appeals.

Reversed.

*Noble, Blood & Adamson,* for appellant.

Information must describe the place and     proof show the place as alleged. Hagen v. State, 4 Kan. 75; Commonwealth v. Heffner, 102 Mass. 148; Commonwealth v. Bacon, 108 Mass. 26; Bryant v. The State, 59 Ark. 439, 66 S. W. 183; Lowrey  v. Gridly, 30 Conn. 450; State v. Robrer, 34 Kan. 427, 8 Pac. 718; Commonwealth v. Mc-Gaghey, 75 Mass. 296; Commonwealth v. Hersey, 114 Mass. 297, 11 N. E. 116; Botto v. State, 26 Miss. 108; Moore v. State 12 Ohio St. 387.

*J. J. Weeks,* State's Attorney, and *Andrew Miller,* Attorney General, and *Alfred Zuger* and *C. L. Young,* Assistant Attorneys General, for respondent.

When abatement is not sought, the locus of a liquor nuisance need only be laid in the county. Section 9373, Revised Codes of 1905; State v. Rozum, 8 N. D. 548; State v. Thoemke, 11 N. D. 386; State v. Becker, 20 Iowa, 438; Black on Intox. Liquor, section 486; Com. v. Logan, 12 Gray, 136; State v. Waltz, 74 Iowa, 610, 38 N. W. 494; Johnson v. State, 13 Ind. App. 299, 93 Ind. 375; State v. Lang, 63 Me. 215.

Morgan, C. J.   This is a criminal prosecution against the defendant for keeping and maintaining a common nuisance contrary to the provisions of the prohibition law.   The complaint under which the defendant was arrested described the place where the nuisance was maintained as "a one-story log and frame building on a certain farm upon which said Thomas O'Neal then and there resided, and near the east shore of Lake Metigoshe, in Bottineau county, North Dakota."   The defendant was bound over to the district court after proceedings before a justice of the peace, at which the testimony was not reduced to writing.   In the district court, the state's attorney filed an information against the defendant for keeping and maintaining a common nuisance, and the place was described in the information as "a one-story log and frame building situated on the northwest quarter of the northwest quarter of section 1, in township 163, north of range 76."   In the information, the offense of keeping and maintaining a common nuisance was also stated and alleged to be of a second offense.   After the defendant was arraigned under this information, he moved

to quash the same on the alleged ground that he had not re-- ceived a preliminary examination on the charge set forth· therein, and that there had not been any preliminary investigation by the state's attorney in·regard to the commission of any other offense shown by the testimony before the justice of the peace, pursu- ant to the provisions of section 9792, Rev. Codes 1905. These mo- tions were each denied, and. the defendant excepted to the denial. After the jury was impaneled and sworn, the  state's  attorney asked leave to amend the information to the effect that the of- . fense was committed on section 2, and not on section`1, as alleged in the information. The state's attorney then stated to the court that the description of the place in the information was wrong as to range and section. The request to amend was denied by the court, and the trial proceeded. The defendant was convicted of the offense charged in the information, and duly sentenced to four months' imprisonment in the county jail, and adjudged to pay a fine of $300 and costs, and, in default of payment of the fine, that the defendant be imprisoned in the county jail for a further fixed period.

The assignments of error urged in this court are: (1)  That the state's attorney filed an information for a different offense than that shown by the complaint in the justice court, under which he was held to the district court. This objection is intended to include the point that the information charged the nuisance to be maintained as a second offense, and that it was charged in the information to have been kept and maintained at a different place. (2)  The defendant moved that the jury be advised to acquit the defendant by their verdict at the close of the testimony. Such motion was overruled, and this is now urged as error. The ques- tion intended to be raised by this motion is that the evidence shows that the offense was committed on a different subdivision of land than that set forth in the information; in other words, the contention is, on this point, that the information alleges that the nuisance was maintained on a farm situated in section 1, range 76, and the record shows that the offense was not committed at a place in range 76, or in section 1, if committed at all. (3)Errors of law in relation to the introduction of evidence as to the keeping and maintaining of the nuisance. The question intended to be raised by this assignment is that it was prejudicially erroneous to receive any evidence as to the commission of the offense in any

other locality or place than in section 1, range 76. (4) The court erred in charging the jury that, if the evidence showed the defendant to have kept and maintained a nuisance within the county of Bottineau, he should be found guilty, notwithstanding the fact that the information charged the nuisance to have been maintained on the northwest quarter of the northwest quarter of section 1, township 163, north of range 76.

As to the claim that the statement in the information constituted a different offense than the one set forth in the complaint in the justice court, there is no merit. The elements of the offense charged in the complaint, and those constituting the offense charged in the information, are the same. There is no additional act necessary to be proved or charged as to the offense charged in the information and that charged in the complaint. The allegation that the prosecution is for a second offense goes simply to the punishment, and has nothing to do with the constituent elements of the crime. Section 9792, Rev. Codes 1905, permits the state's attorney to file an information for a different offense than the one charged in the complaint under certain circumstances, but the offense for which the defendant was informed against in this case was not a different offense than that described in the complaint. So far as the description of the place where the nuisance is alleged to have been kept the description in the information more specifically locates the place. In the complaint, the place was only generally described, and the fact that the subdivision of land on which the nuisance was located was specifically described in the information does not make the offense different. In State v. Rozum, 8 N. D. 548, 80 N. W. 477, this court has passed on both of these contentions adversely to the claims of the appellant. Further, defendant was not found guilty of keeping and maintaining a nuisance as a second offense in this case. The court withdrew from the jury any consideration of the former charge and prosecution, and cautioned them that the same was not before them. There was, therefore, no prejudice to the defendant in any event as to allegations of the information as to a second offense.

Appellant claims that it was error for the state's attorney to attempt to show, in the presence of the jury, a former conviction under a charge of keeping and maintaining a nuisance. Such proof as was offered was by record evidence. No error was committed in this respect. The caution to the jury not to consider such

evidence was so full and specific that it would be unreasonable to presume prejudice by reason of the fact that the state's attorney attempted to prove such former conviction and failed, and upon such failure the court cautioned the jury that the matter was not before them at all.

It is also contended that there was error committed by the trial court in admitting evidence that the defendant kept a nuisance at any other place than that described in the information, and that it was error to instruct the jury that the defendant could be convicted of such charge if shown to have maintained a nuisance at any place in Bottineau county, although charged in the information with having maintained a nuisance in "a certain one-story log and frame building situated and located on the northwest quarter of the northwest quarter of section 1, in township 163, north of range 76 west, near the east shore of Lake Metigoshe, in said county and state." We are satisfied that it was error to admit such evidence, and to instruct the jury that the question of the specific place where the nuisance was kept was immaterial, although specifically alleged in the information.

It is apparent that a different question is here presented than the one decided at this term in State v. Ball, 123 N. W. 826. In that case it was held that a general description of the place was sufficient when the charge pertained to the maintenance of a nuisance in a building in a village, where no order of abatement or establishment of a lien on the premises is sought. In other words, the defendant in that case was held not to be prejudiced by the fact that the state had elected only to proceed against him by fine and imprisonment, and had not resorted to the additional remedy of having the nuisance abated. In the case at bar the place where the nuisance was maintained was specifically described in the information, and the defendant had a right to believe that he could not be convicted of maintaining a nuisance at any other place than that specifically described in the information. In other words, until the information was amended by proper proceeding, or a new one filed, the defendant was not advised that the state would attempt to show that the offense was committed upon other premises than the one described specifically in the information. The object of describing the offense specifically is to apprise the accused of what he is charged with, and such object is entirely nullified when the specific charge in the information, so far as the

description of the place is concerned, is abandoned, and evidence admitted to the effect that such offense was committed at another place, anywhere within the bounds of the county.

The rule is generally commended and sustained that in charging the keeping and maintaining of a nuisance, the proof must correspond to the allegation, and this is the rule although it was not necessary to have described the place with particularity in the first instance. If it is necessary to describe the place at all in the information, and the same is described specifically therein, the proof must conform thereto, substantially. In other words, if proof is admitted as to a place not described in the information, it will be deemed to be proving another and distinct offense, which is always objectionable. In this state, some description of the place where a nuisance is maintained is essential. Section 9383, Rev. Codes 1905, expressly so provides. Proof, therefore, that the nuisance was committed at a building on section 2, in some other range than in range 76, relates to a different offense than the one alleged to have been committed on section 1, in range 76. A similar question was decided by this court in State v. Virgo, 14 N. D. 293, 103 N. W. 610, where the court said: "The offense for which defendant was being tried was not the offense for which he had been acquitted. Upon the former trial he was charged with keeping a liquor nuisance upon block 11, and in the present indictment with keeping a nuisance upon block 12. The accusations charged different offenses, and it was not possible to make them the same even by an averment and oral evidence. * * * The keeping of a liquor nuisance on block 11 is not the same offense as keeping one on block 12, and the evidence which would establish one would not be sufficient to establish the other. The offenses were distinct."

It is generally held that in prosecutions for keeping and maintaining a nuisance, if the information specifically describes the place where the nuisance was maintained, the proof must correspond, substantially, to such specific allegations. The rule is well stated in 23 Cyc. 260, as follows: "Under an indictment for a violation of the liquor laws, the evidence as to the place of commission of the offense must show that it was within the territorial jurisdiction of the court. And the evidence must correspond strictly with the allegation, when the averment of place is material to the description of the offense. If the indictment charges

the commission of the offense within a certain municipality, as a town, city, district, or precinct, it is not supported by evidence which shows the place to have been beyond the limits of such municipality or within the limits of another." On page 261, the rule is further stated as follows: "Where the place is an essential element of the offense, and the indictment describes the building, tenement, or shop with particularity, the proof must correspond with reasonable certainty to the allegation, or there can be no conviction. This is the case where the indictment is for maintaining a liquor nuisance, or selling liquor to be drunk on the premises where sold. But reasonable intendments will be made to uphold the description of the premises as given in the evidence." In 14 Enc. Pl. & Pr. 1099, the rule is stated as follows: "Though an allegation as to the particular location of a nuisance may not be necessary, yet, if it is alleged, it must be proved as charged." In Com. v. Heffron, 102 Mass. 148, the court said: "An offense having no essential connection with the place in which it is committed, like a common assault or simple larceny, though charged to have been committed in a particular town, may be proved to have been committed anywhere within the county. (Citing cases.) But in an indictment for an offense in its nature local, as in the cases of larceny in a building, burglary, arson, desecrating and disfigurig a burying ground, striking in a churchyard, or nuisance in the highway, the allegation of place is a necessary part in the description of the offense, and must be proved as laid. (Citing cases.) It was therefore rightly ruled at the trial that the question whether the tenement which the defendant was charged with keeping and maintaining as a nuisance was in Northampton, as alleged or in Williamsburgh, was material."

In Johnson v. State, 13 Ind. App. 299, 41 N. E. 550, the court said: "If it was essential to describe the real estate in the affidavit, it was also essential to prove it substantially as alleged, or there would be a fatal variance, and this rule applies to unnecessary matters of description as well as to necessary matters— that is to say, if some description is necessary, but the pleader goes further, and alleges unnecessary matters of description, then he is required to prove both as alleged. (Citing cases.) But if no matter of description need be pleaded at all, then if pleaded it is surplusage, and need not be proved as alleged, or at all, and there is no variance."

In 1 Bish. Crim. Pro., section 485, the rule is stated as follows: "If a necessary allegation is made unnecessarily minute in description, the proof must satisfy the descriptive as well as main part, since the one is essential to the identity of the other."

In Hull v. State, 120 Ind. 153, 22 N. E. 117, the court said: "It is settled that where an indictment or information contains allegations descriptive of the identity of that which is legally essential to the charge, even though the description be unnecessarily minute, the proof must agree substantially with the description." In the last case cited the court held that no description of the particular place was essential, and that the allegation concerning the place was therefore surplusage. See, also, Com. v. McCaughey, 75 Mass. 296; State v. Verden, 24 Iowa, 126; State v. Reno, 41 Kan. 674, 21 Pac. 803; State v. Sterns, 28 Kan. 154; State v. Gurlagh, 76 Iowa, 141, 40 N. W. 141.

The state relies on the case of State v. Sterns, supra, to sustain its contention that an amendment to the information would have been proper, and that proof of the maintenance of the nuisance at any place in the county was admissible under the allegations in the inforamtion as to the description. In that case the allegation in the information was specific, but erroneously described the place where the nuisance was maintained, and the trial court granted leave to amend the information as to the description. We have no doubt of the correctness of that decision, although the precise point of that case is not involved in this case. It is sufficient to decide on this appeal that there was error in admitting evidence of the maintenance of the nuisance in any other place than the one specifically described in the information, and that the charge to the jury on that point was erroneous for the same reason

The judgment is reversed, and the cause remanded for further proceedings. All concur.