No. 26,640.

THE STATE OF KANSAS, *Appellee,* v. JOHN McCARTHY, *Appellant.*

(257 Pac. 925.)

SYLLABUS BY THE COURT.

1. LOTTERIES—*Indictment and Information—Sufficiency.* In an appeal from a conviction and judgment of feloniously offering lottery tickets for sale, the rule applied that an information is sufficient against a motion to quash where it fairly apprises the defendant of the crime charged against him and is sufficiently specific so that the court can readily pronounce judgment on a plea or verdict of guilty.

2. SAME—*Evidence—Sufficiency.* Error assigned on the want of evidence to support the charge considered and not sustained.

3. INDICTMENT AND INFORMATION — *Averment as to Time — Proof of Other Date.* Rule applied that where a defendant is not misled or prejudiced in making his defense by the allegation concerning the date of the crime charged, that date is unimportant, and a conviction may properly follow upon sufficient proof of the commission of the offense at any time within the provisions of the statute of limitations.

4. LOTTERIES—*Instructions.* A requested instruction concerning the offense of bookmaking as defined in the crimes act (R. S. 21-1510), was irrelevant and properly refused.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed July 9, 1927. Affirmed.

*Roy R. Hubbard,* of Kansas City, for the appellant.

*William A. Smith,* attorney-general, *Roland Boynton,* assistant attorney-general, *Arthur J. Mellott,* county attorney, and *H. J. Emerson,* deputy county attorney, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The defendant was convicted of feloniously keeping lottery tickets for sale in violation of R. S. 21-1502.

Indictments and Informations, 31 C. J. pp. 650 n. 69, 661 n. 95, 662 n. 6, 681 n. 78, 810 n. 38, 39, 841 n. 4. Lotteries, 38 C. J. pp. 310 n. 30, 312 n. 54, 316 n. 37, 51; 17 R. C. L. 1239.

It appears that in 1925, in Wyandotte county, defendant was engaged in selling, offering and keeping for sale various sorts of sealed lottery tickets, priced at 25 cents and upwards, which purported to give the purchasers a chance to win a prize of $25 or other sum up to $500 if certain results were achieved by various baseball teams in their computed weekly scores of games as printed in the sporting pages of the daily press. The tickets were sealed so that the purchaser could not tell on what baseball teams he was hazarding his money, and his own judgment of the merits of the teams had nothing to do with his chance of winning. The scheme, if indeed it actually did give the ticket holder a gambler's chance to win, was more complicated than a quadratic equation, but the court will not undertake to expound its intricacy.

Defendant hung about the business establishment of the complaining witness in Kansas City apparently seeking to ply his trade, and notwithstanding he was repeatedly ordered away he persisted in plying his unlawful business thereabout to the annoyance of the complaining witness, who eventually caused his arrest, and his conviction followed.

He appeals, contending first that the trial court erred in overruling his motion to quash the information because it did not sufficiently show what sort of lottery ticket defendant was offering for sale. It was characterized by the pleader as—

"A certain writing, token or device, consisting of a slip of paper with certain numbers written thereon and commonly known as a lottery ticket, intended to evidence the right of the holder to a chance to receive money as the result of a lottery drawing, commonly called a baseball pool, thereafter to be held."

The rule as to the sufficiency of an information is that if it fairly apprises the defendant of the crime charged against him and is definite enough so that the court will have no trouble in ascertaining the correct sentence to impose upon a verdict or plea of guilty (*State v. Hutzel*, 108 Kan. 456, 195 Pac. 887), the information is good against a motion to quash. Within that rule, the trial court did not err.

It is next urged that the defendant was entitled to be discharged because there was no evidence, direct or circumstantial, to support the charge. That contention lacks merit. The testimony of the prosecuting witness, and that of the policeman who arrested defendant, and of a third witness who had bought a lottery ticket from him, and of a fourth witness who had seen defendant carrying around a

cigar box filled with the sort of lottery tickets he was charged with offering for sale, supplemented by other significantly probative circumstances, quite sustained the charge as against a motion to discharge.

Error is also assigned on the admission of evidence tending to show that it was at some other time or times than the date alleged in the information that defendant offered the lottery tickets for sale. Such a basis of error cannot be sustained. The particular date was not a vital matter. So long as defendant was not misled by the allegation as to the date—and this record discloses nothing to that effect—proof of such an offering within two years prior thereto would suffice. Such is the usual and often-applied rule in various sorts of criminal cases. (R. S. 62-1006.) In *State v. Reno,* 41 Kan. 674, 682, 21 Pac. 803, it was said:

"The general rule of law is that it is not necessary to prove that the offense was committed at the time at which it is alleged to have been committed, but it may be proved to have been committed at any time within the period prescribed by the statute of limitations within which the action might be commenced."

Another error is based upon the trial court's refusal to give an instruction requested by defendant concerning the crime of bookmaking as defined in R. S. 21-1510 which has to do with the recording of bets on games of skill, speed and endurance. Defendant was not engaged, nor charged with having engaged, in any violation of that section of the crimes act; and it would have been improper for the trial court to have permitted that subject to be brought into this case since it could only have served to confuse the jury, with the consequent possibility or likelihood of causing justice to miscarry. While baseball is a game of skill, speed and endurance played by young men and boys, and bets might be made thereon, and an offender might unlawfully act as recorder or bookmaker of such bets, the lottery tickets offered for sale by defendant had none of the characteristics of betting. In so far as the lottery tickets offered for sale by defendant were not altogether a downright swindle, they dealt wholly with matters of pure chance which in turn were themselves dependent on other remoter matters of chance, and their printed terms so provided. One witness testified:

"Q. Well, can you tell what is the general scheme of a baseball lottery? A. Yes.

"Q. Well, what is it? Just tell the jury. A. The general scheme is, you get a certain number of teams when you buy one of these tickets. You add

the score of those teams on certain days on the daily tickets, and if those teams have a larger score than any other combination of teams the same size then you win the grand prize. If it has the lower, you also win a prize."

Pertinent provisions of the statute under which defendant was prosecuted read:

"The term 'lottery,' as used in this act, includes schemes for the distribution of money or property among persons who have given or agreed to give a valuable consideration for the chance, whether called a lottery, raffle, or gift enterprise, or by some other name." (R. S. 21-1506.)

"In any prosecution under the preceding sections it shall not be necessary to prove the actual existence of any lottery, gift enterprise, policy or scheme in the nature of a lottery, or the authentication of any such ticket, pretended ticket, certificate, token, device or thing, or the genuineness of any signature thereto, or that the same was issued by authority of the manager of any such lottery, gift enterprise, policy or scheme in the nature of drawing." (R. S. 21-1503.)

The other matters urged against the judgment have been duly noted, but they suggest nothing worthy of discussion.

The judgment is affirmed.