## NEWELL v. SANFORD & CHILDS.

1. ATTORNEY'S FEES. The successful party in an action on an ordinary contract, in the absence of malice or want of probable cause, is not allowed attorney's fees.

*Appeal from Polk District Court.*

MONDAY, JUNE 23.

THE fourth clause of defendants' answer is, in substance, as follows: "Defendants show that in the spring of 1855, plaintiff undertook and agreed with defendants to act as their agent, and to procure for them, and in their name, a certain lease of a portion of Lot 12, Block 30, Des Moines; to wit: the one-sixth part of said lot, corner of Second Street and Court Avenue, which lease was held by W. W. Williamson, from one Israel Spencer. Defendants allege that plaintiff, in violation of his said contract and undertaking, fraudulently took the assignment of said lease in his own name, and afterwards commenced a suit in the District Court of Polk county to dispossess them from the rightful possession of said lot. Defendants show that they procured an injunction against the plaintiff in said matter, and were at great expense, loss and trouble, in time, and employment, and paying attorneys in said matter, and in establishing their right, and procuring the title so fraudu-.

lently and wrongfully taken by plaintiff in his own name, to their damage, three hundred dollars."

The cause was submitted to a referee, who, upon this subject, reported the following facts:

1st. That in February, 1855, defendants did constitute plaintiff their agent, to obtain for them the lot referred to in said answer, and that he did procure it, taking the assignment in his own name.

2d. That Israel Spencer held the title to the whole of said Lot 12, Block 30, and in May, 1857, leased to plaintiff a portion of the same, directly west of that covered by the lease to Williamson, mentioned in the answer.

3d. That in July, 1856, plaintiff, claiming to be entitled to the possession of the two lots described in the leases, commenced an action to recover the same.

4th. That defendants set up title in fee simple, by purchase from Spencer, and enjoined the action at law.

5th. That a decree was made thereon, as follows: 1. That plaintiff purchased the first lease for defendants, and that the title was in them. 2. That plaintiff is the owner of the lease from Spencer to him, that by his written consent defendants were entitled to occupy a portion of the same, and the plaintiff the balance. 3. That plaintiff was enjoined, during the term of the Williamson lease, from prosecuting his action for that lot, and also for so much of the other lot as was covered by defendants' buildings erected by plaintiff's consent. 4. That Newell should have possession of his shop, erected by defendants' consent, on the Williamson lot. 5. The referee further found that the defendants incurred expenses and rendered services in defending that action to the amount of $230, but that as a matter of law, they were not entitled to recover the same in this action.

The report of the referee was confirmed, and defendants appeal.

*Nourse & St. John and D. O. Finch* for the appellant.

I. Upon issue joined the referee found the facts for the defendants. The judgment, therefore, should have been for the defendants. *Payne* v. *Potter*, 9 Iowa, 549; *Frentress* v. *Mobley*, 10 Id., 450.

II. When the plaintiff disobeyed instructions, and took the title to himself he was guilty of a fraud against his principals, and they are entitled to expenses incurred in divesting him of the title. Story Agency, §§ 333, 217, 218, and 219. Dunlap's Paley's Agency, 2, 6, 8, 18, 23.

III. This court has allowed a like rule of damages in cases of fraud and bad faith in the sale of real estate, *Sweem* v. *Steele*, 5 Iowa, 352; *Kingsbury* v. *Smith*, 13 N. H., 211; *Lee* v. *Dean*, 3 Whart., 330. The principle is fully recognized in allowing counsel fees in a suit upon an attachment bond, for the wrongful issuing of an attachment. *Campbell* v. *Chamberlain et al.*, 10 Iowa, 337; *Morris et al.* v. *Price*, 2 Blackf., 459.

*C. Bates* for the appellee reviewed the authorities cited by counsel for appellant, and contended that they were not applicable to the case at bar.

WRIGHT, J.—The only question in this case, is, whether, under the circumstances, the referee erred in refusing to allow defendants the amount paid to attorneys, and for their own services, in defending against the action of Newell to obtain possession of the property covered by the Williamson and Spencer leases. And we are very clear that this question must be answered in the negative.

There are a few excepted cases, in which counsel fees in former suits are, or may be, allowed. In some instances they have been allowed, as between principal and surety. So, also, where a party has been evicted by action of ejectment, and brings his suit upon the covenant of seisin

contained in his deed. (Sedgwick, 96; *Staats* v. *Ten Eyck*, 3 Caines, 111; *Kingsbury* v. *Smith*, 13 N. H., 109; *Pitcher* v. *Livingston*, 4 John., 1; *Swett* v. *Patrick*, 12 Maine, 9; *Smith* v. *Compton*, 4 B. & A., 407.) But we have found case, where, as a legal right, they have been allowed in no ordinary cases of contract, in the absence of malice, and want of propable cause. "This principle," says Mr. Sedgwick (96), "is rigorously applied to counsel fees in all cases of contract, and, without discrimination, to both parties to the litigation." He then proceeds to state, that, in some excepted cases, counsel fees in former suits are allowed. But these cases, upon principle and authority, stand upon entirely different grounds from that now before us. (And see *Van Duzen* v. *Linderman*, 10 John., 106.)

Finally, all the facts being admitted, as claimed by defendants, the legal conclusion does not follow that there was a want of probable cause in the institution of the first action by Newell. We see nothing more in it, than an ordinary case, where a party has been unsuccessful in his action, to the full extent claimed. And when we go one step further, and remember that the question of probable cause is a mixed one of fact and law, (*Center* v. *Spring*, 2 Iowa, 393,) and that of malice always one of fact, our duty not to interfere with this finding, is most manifest.

Affirmed.