# FRANCIS HOGG
### v.
## THE PEOPLE, ETC.

1. INDICTMENT UNDER DRAM SHOP ACT.—Where a number of persons assembled at a house for the purpose of dancing, and plaintiff in error was induced to go to a neighboring town and procure a jug of whisky, and it was understood that he should contribute thirty cents of the price paid for the liquor and the others the residue, some contributing before, others after, its procurement. *Held*, that an indictment will not lie against plaintiff in error for selling intoxicating liquors in less quantity than one gallon, without having a legal license to keep a dram shop.

2. CONSTRUCTION OF STATUTE.—The thirteenth section of the Dram Shop Act should receive a fair and liberal construction and be strictly enforced, but at the same time it is to be interpreted within its true intent and meaning, and a thing within the intention is within the statute, though not within the letter, and a thing within the letter is not within the statute, unless within the intention.

ERROR to the County Court of Pope county; the Hon. WM. V. ELDRIDGE, Judge, presiding. Opinion filed October 10, 1884.

Messrs. MORRIS & BOYER, for plaintiff in error.

Mr. JAMES A. ROSE, for defendants in error.

BAKER, J. Francis Hogg, plaintiff in error, was tried and convicted at the July term, 1884, of the County Court of Pope county, upon an indictment for selling intoxicating liquor in less quantity than one gallon without having a legal license to keep a dram shop, and a judgment was entered against him for a fine of $60 and costs.

The substance of the transaction upon which the indictment is predicated was, that on the 25th of December, 1882, a number of persons assembled at the house of Jonathan Wallace for the purpose of dancing, and some of the young men induced plaintiff in error to go to Shetlerville and get a jug of whisky, one of them furnishing him a horse for that purpose. It was understood that Hogg should contribute thirty cents of the price paid for the liquor, and the others the residue. The liquor was accordingly obtained and the jug placed in a

Hogg v. The People.

barn, where the contributors to the purchase money and their friends partook of the contents. The whisky was apportioned to some extent in proportions consonant with the several sums paid by the several parties. Prior to its procurement some of the young men paid their contributions, and others agreed they would contribute certain amounts, while still others were not parties to the arrangement until after the liquor had been brought to the barn. The witnesses all state they put in their money to help pay for the whisky.

The thirteenth section of the Dram Shop Act provides that the giving away of intoxicating liquors, or other shift or device to evade the provisions of the act, shall be held to be an unlawful selling. The statute is a wholesome police regulation, and should receive a fair and liberal construction, and be strictly enforced, with an eye to preventing all evasions and subterfuges and making it potent and efficacious in its application to all cases plainly within the mischief intended to be cured. At the same time it is to be interpreted according to its true intent and meaning; and a thing within the intention is within the statute, though not within the letter; and a thing within the letter is not within the statute unless within the intention.

There is no testimony to show, or tending to show, a want of good faith on the part of plaintiff in error, or that any shift or device to evade the law was intended.

In substance he was not a vendor of the liquor, but was an agent, acting on behalf of himself and the other contributors to the purchasing fund for the purpose of procuring the whisky for his and their use and consumption. The legal relationship that existed between the contributors and him was that of principals and agent, and not that of vendees and vendor. The circumstance that, at the time of the procurement of the liquor some of the proposed principals had not been ascertained, we do not regard of controlling influence.

Our conclusion is that plaintiff in error is not guilty under the indictment; and the judgment of the county court is reversed.

Reversed.