THE STATE OF NORTH DAKOTA v. HANS NELSON.

Opinion filed May 26, 1905.

**Intoxicating Liquors — Illegal Sale.**

1. The defendant and another procured two kegs of beer, without previous arrangement with any one as to the conditions under which it was to be disposed of. All who came to the place where it was kept were permitted to drink all they desired of it. Those drinking paid for what they drank—generally 40 cents. The price was fixed by defendant, and he generally requested pay for it. *Held,* that the facts are sufficient to show, as a matter of law, that there was an unlawful sale of the beer.

Appeal from District Court, Grand Forks county; *Fisk,* J.

Hans Nelson was indicted for selling liquors unlawfully, and from an order advising an acquittal the state appeals.

Reversed.

*J. B. Wineman,* State's Attorney, and *B. G. Skulason,* Assistant State's Attorney, for appellant.

The subterfuge of collecting the money in a cap or a keg or otherwise, does not alter the true nature of the sale of intoxicants, it is still a sale, and a violation of the law. State v. Wiggin, 20 N.

H. 449; Black on Intox. Liquors, section 405; 17 Am. & Eng. Enc. Law, 299; State v. McMinn, 83 N. C. 668; Grant v. State, 13 S. E. 554.

It is presumed that defendant owned the beer from the fact of his possession and control of it, and no previous arrangement for procuring it. If he was disposing of it for someone else he was guilty. State v. Wadsworth, 30 Conn. 55; Paschal v. State, 10 S. E. 821; Hartgraves v. State, 43 S. W. 331.

One who solicits others to join him in the purchase of whiskey, receives from each pay for the share each person wants, and afterwards buys and distributes it among them is guilty of selling liquors without a license. Hunter v. State, 30 S. W. 42.

A mere volunteer who assists in making sales is criminally liable. State v. Herselus, 86 Iowa, 214, 53 N. W. 105; State v. Bugbee, 22 Vt. 32.

*Tracy R. Bangs,* for respondent.

A person who procures liquors at the request of an assembled party for their common refreshment, all, he among the others, contributing to the expense is not a seller; and it makes no difference that after the liquor is procured other members of the party are taken into the arrangement, contributing their share and drinking their proportion. Hogg v. People, 15 Ill. App. 288; Commonwealth v. Peters, 2 Pa. Sup. Ct. 1, 38 W. N. C. 511; Cressey v. Commonwealth, 76 S. W. 509; Miller v. Commonwealth, 76 S. W. 515; Trueue v. State, 44 S. W. 829; Reed v. State, 44 S. W. 1093; Johnson v. State, 63 Miss. 228.

MORGAN, C. J. The defendant was informed against for unlawfully selling four glasses of beer to one Lars Isaacson. The trial court advised the jury to acquit the defendant, on motion made by him after the state had rested, and a verdict of not guilty was accordingly returned by the jury. The state appeals from the order advising an acquittal. Whether the making of that order was error is the sole question raised on the appeal.

The facts presented on the trial are as follows: The defendant and one Tigen went to the railway depot on July 4, 1904, and each carried therefrom an eight-gallon keg of beer to a place under an elevator bridge on the east side of the railroad track at Northwood, in Grand Forks county. After reaching this point, the defendant and Tigen tapped one keg, and those that had come there

drank some of the beer. Others came afterwards and drank. Those that came there and drank were not there by any previous invitation of the defendant or Tigen, or through any understanding with them. Every one who came there was permitted to drink, and to drink all that he desired. At least the evidence does not show that any one was not permitted to drink. The number that participated in the drinking of the beer is not given, but it is shown that there were at least twelve, and some witnesses say that there was a big crowd. The gathering was not pursuant to a previous understanding or arrangement, nor was the beer brought there pursuant to any understanding between the defendant and Tigen and either of those that drank the beer. It does not appear from whom or how the defendant and Tigen got the beer at the depot, nor who paid for it, nor how much was paid. The first keg opened was all drank, after which the other was tapped, and the drinking continued. The beer was not paid for by the glass, but those that drank paid lump sums to the defendant or Tigen; some paying 40 cents and some paying 50 cents. The price to be paid was fixed by the defendant, and its payment requested by him generally, but in one or two instances by defendant and Tigen. In some instances the money was paid to the defendant, the proper change being made, and the price reserved by him. At one time defendant passed around the hat, each throwing 40 cents into it. In another instance one person left 40 cents on the keg. It does not appear that any drank without paying.

Under these facts, is it shown, as a matter of law, that the defendant was not guilty of selling beer contrary to the provisions of section 7593, Rev. Codes 1899? We think not. It is uncontradicted that the defendant and Tigen got the beer of their own accord, without previous arrangement with any member of the party. What their intention in so doing was between themselves is a matter of conjecture only. It does not appear that the persons who drank the beer were friends of the defendant or Tigen, acquaintanceship being the most that appears from the evidence. This fact does not warrant any inference that providing the beer for them was done as their agent. If he was their agent, he was self-constituted, and his agency included all who came there and desired beer on that day at terms fixed by him. The contention that this was a purchase of the beer by the whole party, and that there was no sale by the defendant, as each was drinking only what was his own, is not sustained upon any theory of the evidence.

The fact that the defendant and Tigen furnished the beer at that place without communicating with any other persons as to the matter renders it impossible to find, under the evidence, that these two were acting for the others. The evidence is sufficient to sustain a verdict that the beer was unlawfully sold by the defendant. The beer was procured by him and was in his possession. He exercised acts of ownership over it by selling it and collecting the price for it. His possession of the beer, unexplained, is presumptive proof of his ownership thereof. He had possession of it in connection with Tigen, and delivered the beer to others for a price, and this constituted a sale. It is true that some of the witnesses stated that the cost of the beer was paid for by a collection or contribution. If this were material, their conclusion cannot alter the facts as they transpired. The mere fact that a hat was passed, and each contributed his share by placing it in the hat, the sum being fixed by the defendant, would not make the transaction any different than if each had paid the money separately to the defendant.

The facts do not bring the case within the principle contended for—that parties may associate themselves together, and buy intoxicating liquors and drink them, and not be guilty of a violation of law, although the liquors are purchased by one of them, to whom each pays his proportionate share. In such a case, it is contended, the person to whom the money is paid is the agent of the others, and the liquor belonged to one as much as to the others. In this case the defendant and Tigen procured the beer without solicitation or arrangement with the others, and all who desired were permitted to drink it, and thereafter paid the price. The facts would warrant the conclusion that the defendant and Tigen got the beer for sale, and sold to those present so much thereof as they desired, for a sum of money fixed by defendant. The fact that it is not shown that the defendant made any profit is immaterial. That a profit is made is not a necessary ingredient of a sale.

The respondent cites many cases to support his contention that the facts do not constitute a sale. We have examined each of the cases, and they are not in point. They turn upon a fact not found in the present case—that the defendant was the agent of the party, and that there was a joint interest in the liquors furnished. Among the cases cited and relied upon are Creasy v. Commonwealth (Ky.) 76 S. W. 509, and Hogg v. People, 15 Ill. App. 288.

We conclude that the case should have been submitted to the jury.

The order is reversed. All concur.