(104 N. W. 528.)

---

STATE OF NORTH DAKOTA v. JOHN WILLIAMS.

Opinion filed June 28, 1905.

### Intoxicating Liquors — Sale of Patent Medicine.

1. A sale of a patent medicine as medicine by a storekeeper in good faith is not a violation of law under section 7281, Rev. Codes 1899, although the same contains alcohol as one of its ingredients.

**Same — Question for Jury.**

> 2. Whether a sale of liquids is made as a medicine or as a beverage, under section 7598, Rev. Codes 1899, is a question of fact for the jury.

**Same — Instructions.**

> 3. Instructions considered, and *held* erroneous, as stating to the jury that the sale of patent medicines is unlawful unless made by a registered pharmacist.

Appeal from District Court, Towner county; *Cowan*, J.

John Williams was convicted of maintaining a liquor nuisance, and appeals.

Reversed.

*Gooler & Goer,* for appellant.
*C. N. Frich,* Attorney General, for respondent.

MORGAN, C. J.   The defendant was convicted of the offense of keeping and maintaining a nuisance—that is, a place where intoxicating liquors were alleged to have been sold—in violation of section 7605, Rev. Codes 1899, and appeals from the judgment.

The insufficiency of the evidence to sustain the verdict is not challenged, and errors of law occurring at the trial are alone urged as grounds for the reversal of the judgment.   Error is assigned on the giving of the following instruction: "The fourth way that it may occur under the evidence in this case is by selling intoxicating liquors as a medicine without having a permit to make such sale from the judge of the county court of the county in which the sale is made, if any sale of such drug or material was made.   With reference to the last class of a nuisance, where it is claimed that the mixture or intoxicating liquor, by whatever name known, was sold as a medicine, I say to you that such a sale made of intoxicating liquor or intoxicating mixture by one who was not a druggist would, in effect, be a sale of such intoxicating liquor or mixture as a beverage.   In other words, such a sale, though made as a sale of medicine, by one not qualified to make it under the law of this state, is a violation of our law.   Our law upon that point is: "It shall be unlawful for any person or persons to sell or barter for medicinal, scientific or mechanical purposes any malt, vinous, fermented or other intoxicating liquor without first having procured a druggist permit therefor from the county judge of the county wherein such druggist may be doing business at the time.'"   The

evidence shows that the defendant was a storekeeper, and he claims that he sold the liquids alleged to be intoxicating liquors as patent medicines. Section 7281, Rev. Codes 1899, enacted as an amendment to section 12 of chapter 108, p. 305, Laws 1890, provides as follows: "The provisions of the last section [relating to pharmacists] shall not be construed to interfere in any manner with, * * * nor to prevent shopkeepers from dealing in or selling the commonly used medicines and poisons, if such medicines or poisons are put up by a regular pharmacist; nor from dealing in and selling patent or proprietary medicines." It is claimed that the instruction above quoted is erroneous, as not containing a qualification to the effect that, if the defendant sold the liquids in good faith as a patent medicine, the defendant could not be found guilty. We think that the instruction is prejudicially erroneous. Section 7281, supra, does not prohibit the sale of patent medicines by a shopkeeper, although they may contain alcohol as one of their ingredients. The instruction stated to the jury that the sale of intoxicating liquors or mixtures thereof as medicine would be, in effect, a sale thereof as a beverage, and a violation of law. This is not necessarily true. Shopkeepers are permitted to sell patent medicines as medicine. The jury should have been instructed to that effect. It was a question for them to determine whether the sale was made in good faith for medicine, or whether the liquids were sold as intoxicating liquors as a beverage. Said section 7281 should be construed in connection with section 7605, defining what a nuisance is under the prohibitory law. Under the instruction given, a storekeeper maintains a nuisance if he sells any compound as a medicine if it contains alcohol as an ingredient, although the same may be universally used as a medicine, and was compounded by a regular pharmacist. There are many liquids that are sold as medicines that contain alcohol, which are not deemed intoxicating liquors as defined by section 7598. The last section deals with intoxicating liquors, or mixtures that are intoxicating, that are sold as beverages. Section 7281 deals with selling or dealing in proprietary or patent medicines. The prohibition of the former section is directed against selling as a beverage, whereas the latter authorizes a sale as medicine. Whether a sale is made in violation of the former section or under the latter section, which does not prohibit such sales, is a question for the jury. In stating to the jury that a sale of medicine is, in effect, a sale as a beverage unless made by a registered pharmacist, the court erred. The de-

fendant was entitled to have the jury pass upon his testimony that he sold the liquids in question as patent medicines. If he did so in good faith as a storekeeper, no offense was committed.

The judgment is reversed, and a new trial ordered. All concur. (104 N. W. 546.)