(112 N. W. 139.)

---

STATE OF NORTH DAKOTA v. HERMAN H. SEELIG.

Opinion filed June 13, 1907.

**Intoxicating Liquors — Illegal Sale — Instructions.**

> In a prosecution for selling intoxicating liquor as a beverage, contrary to law, the only question in dispute was as to whether the beverage sold was beer or malt; the state claiming it was beer, and the defendant claiming it was malt. The undisputed evidence shows that if malt, it was not intoxicating. *Held* error for the trial court to instruct the jury upon the theory that they might convict if they found that the liquid sold was either malt or any other compound or mixture, if it contained the alcoholic principle and could reasonably be used as a beverage and as a substitute for the ordinary intoxicating liquors.

Appeal from District Court, Cass County; *Pollock, J.*

Herman H. Seelig was convicted of selling intoxicating liquors, and appeals.

Reversed.

*J. F. Callahan,* for appellant.

*T. F. McCue,* attorney general, and *W. H. Barnett,* state's attorney, for the State.

FISK, J. Defendant was convicted in the dictrict court of Cass county in November, 1905, of the crime of selling intoxicating liquors to be drank as a beverage, contrary to law. He thereafter moved for a new trial, basing the motion solely upon alleged errors of law in the instructions to the jury, which motion was denied, and from a judgment entered pursuant to the verdict of conviction he has appealed to this court. The assignment of errors relates solely to the correctness of the instructions of the court to the jury, and principally to that portion thereof relating to the definition of "intoxicating liquors." The prosecution elected to rest its case upon specific sales made by defendant to the witness W. G. Scanlon on or about August 9, 1905. This witness testified that on said date, he purchased from defendant, in his place of business, numerous bottles of beer, all of which, except one, he drank upon the premises. The defendant did not deny these sales, positively, but contended that, if he sold any liquor to Scanlon, the same was malt, and not beer, to the best of his knowledge. By the charge of the court, the jury, under this state of the record, was properly restricted to a consideration of the specific sales to Scanlon, and the only question, therefore, for the jury to determine, was as to whether or not the liquor sold to Scanlon, if any was sold, was beer or malt. If malt, he was entitled to an acquittal, as there was no proof that malt was intoxicating. In fact, the undisputed testimony showed to the contrary. On the other hand, if it was beer, as contended by the prosecution, then defendant was guilty, as the trial court properly charged; beer being a malt liquor and intoxicating.

It is conceded by the defendant that a bottle claimed to have been purchased by the witness Scanlon from him contained beer, and it is not disputed that a certain bottle, which was identified as Exhibit D, was found upon a search of defendant's premises by the deputy sheriff, and that it contained beer. Defendant insists, however, that, if any beer was on his premises, it must have been placed there by his clerk, without his knowledge, and that it was not kept there for sale. There was no claim made that the liquid purchased by the witness Scanlon was anything other than beer or malt, and hence

the instructions to the jury should have been limited accordingly; but the record discloses that the learned trial court, after properly instructing the jury with reference to the statutory definition of "intoxicating liquor," entered into a lengthy discussion of the law relating to the method of determining the intoxicating nature of mixtures, under other names, which contain the alcoholic principle, and which may reasonably be used as a beverage and as a substitute for the ordinary intoxicating liquors; this, notwithstanding the fact, as before stated, that under the proof submitted the liquor sold was either beer or malt, the former being intoxicating under the express provision of our statute, and the latter being nonintoxicating under the undisputed proof in the case. Among other things, the jury was told, in effect, that it was for them to say whether or not the liquor sold to the witness Scanlon was intoxicating within the meaning of the law, and they were told, in effect, that if it was malt it was still for them to decide whether it had in it the alcoholic principle as a distinctive force, and whether such compound or mixture was reasonably liable to be used as an intoxicating beverage, and, if so, it was within the statute, and they should find it to be intoxicating, etc. These instructions were entirely foreign to the facts in the case at bar, and were palpably erroneous, under the condition of the proof in this case, and were well calculated to confuse, if not mislead, the jury.

The argument of counsel for respondent, to the effect that the verdict of "guilty," returned by the jury, conclusively shows that the jury found that it was beer, which defendant sold to the witness Scanlon, would be sound, were it not for the instructions which were predicated upon the theory that the jury might find that it was not beer, but was malt, or some other compound or mixture which was sold, and still find a verdict of guilty. Counsel for respondent call attention to the fact that the charge to the jury is almost verbatim like the language used by Judge Brewer in his opinion in Intoxicating Liquor Cases, 25 Kan. 757, 37 Am. Rep. 284; but the complete answer to this is the fact that, in the Kansas case, the defendant was prosecuted for selling compounds and mixtures containing the alcoholic principle, such as essence of lemon, bay rum, McLean's cordial, prickly ash bitters, etc., and Judge Brewer, in writing his opinion in the case, was, of course, dealing with the particular facts of that case, which, as we have seen, are entirely different from the facts in the case at bar.

It follows from what we have above stated that the judgment must be reversed and a new trial ordered. All concur.

SPALDING, J., disqualified. TEMPLETON, J., sitting by request. (112 N. W. 140.)