STATE EX REL R. E. FLAHERTY V. O. G. HANSON, SHERIFF OF GRAND FORKS COUNTY.

Opinion filed Oct. 15, 1907.

### Constitutional Law — Supreme Law Clause — Class Legislation — Self-Crimination.

1. The constitutionality of chapter 189, p. 307, of the Laws of 1907 of this state, requiring the registration and publication of internal revenue tax receipts is assailed upon the grounds:

(1) That it is obnoxious to that provision of the United States Constitution (article 6, section 2) which declares that the constitution and the laws of the United States shall be made in pursuance thereof shall be the supreme law of the land; and that the judges in every state shall be bound thereby, anything in the constitution or laws of any state to the contrary notwithstanding.

(2) That it violates sections 11 and 20 of the state constitution prohibiting special legislation.

(3) That it infringes section 13 of the state constitution, which guarantees immunity from self-crimination.

### Same.

2. *Held,* for reasons stated in the opinion, that the act is not vulnerable to any of the objections urged against it.

### Licenses — Police Power — Exercise By State — Liquor Traffic.

3. The exercise by congress of the power to tax a business or occupation delegated to it by the federal constitution, and the prescribing of regulations to aid the government in collection of such tax, in no manner curtail or interfere with the exercise by the respective states of their undoubted right under their police power to regulate or entirely prohibit the business or occupation thus taxed, because in its judgment such business or occupation is deemed injurious to the public morals, the public health, or the public safety. The power of

the state to protect its citizens from the evils of intemperance, to enact or enforce any legislation not in conflict with the federal or state constitution, which it deems advisable or necessary for the safeguarding of the public morals and the preservation of the public health, is not only at attribute of sovereignty, but a power inherent in statehood. In all matters relating to the life, liberty, and the property of the citizen, the state is sovereign, so long as it does not conflict with the federal constitution.

#### Intoxicating Liquors — Regulation of Traffic By State.

4. The act in question, which requires publicity to be given of the fact of the payment of such government tax, is a legitimate exercise by the state legislature of the police power of the state, as it tends to aid in the enforcement of the law against the unlawful traffic in intoxicating liquors.

#### Same.

5. The manifest object of the law was to aid in the better enforcement of the state statute against the business of the unlawful selling of intoxicating liquors, and not, as petitioner contends, to add to or supplement the regulations of congress upon the subject of taxing such business; and while the necessary effect of the state law may be to indirectly curtail or decrease the revenues to the general government under the act of congress, this is not a valid objection to the law. The legitimate exercise of this power is in no manner curtailed by the fact that the same may incidentally deprive the government of some of its revenue.

#### Statutes — Construction As a Whole.

6. In construing a statute, the courts will, if possible, give effect to the manifest intent of the legislature, as disclosed by the provisions of the whole act, although in so doing it becomes necessary to disregard the strict letter of the law in some of its provisions. Applying this rule of construction, it is *held* that the act in question applies to all persons in the state who have paid the government tax imposed upon the business of a retail dealer in distilled, malt, and fermented liquors, although they have violated the requirement of congress with reference to the posting of the receipt for the payment of such tax, and hence petitioner's contention that the act in question is special legislation is overruled.

Habeas corpus by the state, on the relation of R. E. Flaherty, against O. G. Hanson, sheriff. Writ quashed.

Petitioner, after a preliminary examination, was committed, in default of bail, to answer to the charge of violating the provisions of chapter 189, page 307, Laws 1907, and has sued out a writ of habeas corpus in this court to regain his liberty, alleging the unconstitutionality of said chapter.

*Engerud, Holt & Frame,* for petitioner.
*J. B. Wineman,* State's Attorney, for respondent.

FISK, J.   The petitioner, who claims to be unlawfully deprived of his liberty by virtue of a commitment issued by the police magistrate of the city of Grand Forks to the sheriff of Grand Forks county, made application to the Honorable Charles F. Templeton, judge of the district court of the First judicial district, for a writ of habeas corpus to regain his liberty.   This application having been denied, he made a like application to this court.   A writ was issued as prayed for, and from the petition and return thereto it appears that the petitioner is restrained of his liberty under a commitment issued by such police magistate committing him to the custody of the said sheriff, in default of bail, to answer to the charge of neglecting to register and publish a receipt issued to him by the government of the United States for the payment of the internal revenue tax upon the occupation of a retail dealer in distilled, malt and fermented liquors.

The sole ground urged by the petitioner for the issuance of the writ prayed for is that the act in question (being chapter 189, p. 307, of the Laws of 1907 of this state, requiring the registration and publication of such receipt) is unconstitutional and void.   He asserts that said act is in conflict with the constitution and laws of the United States, and particularly those laws relating to the payment of internal revenue taxes upon the business of selling malt, fermented and distilled liquors; his contention being that the act in question is void: (1) Because it is obnoxious to that provision of the United States constitution (article 6, section 2) which declares that the constitution and the laws of the United States which shall be made in pursuance thereof, shall be the supreme law of the land, and the judges in every state shall be bound thereby, anything in the constitution or laws of any state to the contrary notwithstanding; (2) because it violates sections 11 and 20 of the state constitution, prohibiting special legislation; and (3) it infringes section 13 of the state constitution, which guarantees immunity from self-incrimination.

We think petitioner's contention clearly untenable upon each ground urged by him.   His first ground is predicated upon the erroneous theory that the act in question attempts to prescribe regulations governing the subject of the issuance of such tax re-

ceipt in addition to those regulations prescribed by congress. Such is not the scope nor intent of the act, as we construe it; but, on the contrary, the obvious purpose sought to be accomplished by its enactment was to furnish knowledge to the public and all concerned of the fact that the persons who have paid such tax to the government are or may become engaged in the business of selling intoxicating liquors contrary to the laws of this state. Its purpose, in other words, was solely to furnish knowledge to aid in the enforcement of our statute against the unlawful traffic in intoxicating liquors. That the legislature has the undoubted right, within the police power of the state, to enact a law prescribing reasonable regulations looking to this end, is too well settled to require the citation of authority. Counsel for petitioner do not question such right, but in effect contend that in the enactment of the statute in question the legislature did not assume to act within such police power of the state, but merely sought to add to regulations prescribed by congress upon a subject within the exclusive power of the latter. The fallacy of this argument becomes apparent upon an examination of the law in question, from which it is very clear that the evident object in view in enacting the same was as above stated. It is not questioned, and indeed cannot be questioned, that the purpose of congress in the act aforesaid was solely to raise revenue for the general government by imposing such tax, and the regulations prescribed by congress with reference to posting such receipts was merely for the purpose of effectuating such object. Congress therefore, in imposing such tax and in prescribing regulations requiring the posting of such receipts, acted solely within its power to tax, while the legislature, in enacting the law in question, acted solely within the police power of the state. Among the powers expressly delegated to congress by the federal constitution is the power to tax, and this power, of course, carried with it the power to prescribe necessary and reasonable regulations to enable it to carry out such express powers. On the other hand, the police power, so-called, within the limits of the respective states, is exclusively vested in the legislature of such states. Neither government can, directly or indirectly, interfere with the other in the exercise of functions exclusively belonging to such other. In other words, each government acts wholly independent of the other as to the exercise of functions exclusively belonging to it. It does not follow that, because congress has been given the

power to tax a business or occupation, the states, through the exercise of their police power, cannot regulate or entirely prohibit such business or occupation, although the necessary effect thereof might be to cut off or materially decrease such revenue to the general government. In other words, the taxing power of the government, and the regulations prescribed by congress in relation thereto, in no manner curtail or interfere with, nor were they intended to curtail or interfere with, the execise by the states of their undoubted police powers. This is not denied, but petitioner contends, as before stated, that the act in question, instead of having for its object the suppression of the liquor traffic, in effect operates to enlarge or add to the regulations prescribed by congress with reference to the publicity of such tax receipts. Counsel for petitioner say: "The act does not purport to regulate the dealing in intoxicating liquors. It assumes only to require those who pay the United States special tax to comply with other and different conditions than those imposed and required by congress." Again, they say: "The North Dakota legislature deemed this congressional regulation insufficient, and have assumed to supplement it by adding further requirements in order to give greater publicity." In this consists the fallacy of petitioner's contention. The legislature, in enacting this law, merely did what it had the unquestioned right to do under the police power of the state. Such power is very broad and is limited only by the constitution and laws of the United States and the constitution of this state. That the legislature has the right, within the police power of the state, to provide that the possession of an internal revenue tax receipt for the payment of the government tax upon the occupation of retail dealer in fermented and distilled liquors shall constitute prima facie evidence that the possessor is violating, or has violated the prohibition law of this state, is too well settled to admit of serious doubt. 23 Cyc. 255, and cases cited. Yet such a law is no less free from the objection urged by petitioner's counsel than is the act in question. If such a law is constitutional, then why cannot the legislature also enact a law making it a public offense for any citizen of the state to procure such a receipt and neglect or refuse to furnish a public record thereof, and to give the most complete publicity to the fact of its issuance? Such a law would certainly have a tendency to aid in the better enforcement of the law against such illegal traffic, and we are aware of no provis-

ion, either in the federal constitution or statutes or in the constitution of the state, which directly or impliedly prohibits such legislation. Petitioner's counsel urged that congress has declared what the duties of a taxpayer are with reference to making public the fact of the issuance of such internal revenue receipts, and that the state cannot add to or detract from such duties. They say: "It cannot attach greater burdens or more onerous consequences on the paying of such federal tax than congress has seen fit to prescribe." This is all very true, but the fallacy of this argument consists in the erroneous assumption, as before stated, that by the act in question the state has attempted to add other duties to the taxpayer, as such, with reference to his compliance with the federal statute. The reasoning of counsel, if carried to its logical end, would inevitably lead to the erroneous theory that congress, by the act imposing such tax and prescribing regulations to aid in the collection thereof, has thereby deprived the states of the exercise of their inherent police powers to regulate or prohibit the business thus taxed, because of the fact that the exercise of such police powers may tend in some degree to interfere with the operation of such federal tax law by discouraging persons from complying therewith. As before observed, congress has not attempted, by the imposition of this tax, nor by the enactment of regulations to aid in its collection, to in any manner interfere with or limit the states in the enactment and enforcement of such laws as they may deem necessary under their police power to either regulate or entirely prohibit the business thus taxed. On the contrary, congress has no such power delegated to it by the constitution. The power to tax and the incidental power to make regulations to aid in the collection of such tax, does not in the least interfere with the police power of the state to regulate or prohibit the business thus taxed.

The other grounds urged why the act should be declared unconstitutional are, we think, wholly devoid of merit. To say that the law is special legislation is equivalent to saying that, because all persons who engage in the business of selling intoxicating liquors do not comply with the federal statute by the payment of the government tax, the legislature is powerless to prescribe regulations for those who do pay such tax. In other words, that, because a certain class of citizens may choose to violate the federal tax law by not paying the tax or otherwise complying with the

regulations of congress with reference to posting the tax receipt, the legislature is powerless to legislate as to the class who do comply with such law. If this argument be sound, then the mere fact that there exists two classes of persons engaged in the business of selling intoxicating liquors in this state, viz., those who have complied with the federal law and those who have not, makes it impossible for the legislature to deal with either class. Such contention cannot be upheld. The legislature had a right to assume that all persons engaging in the business of selling intoxicating liquors would comply with the federal law, and, in any event, they had a right to treat such persons in one class and to prescribe reasonable regulations for their observance. If this cannot be done, then the large number of persons coming within such class would be free from legislative regulation or control simply for the reason that a certain class of persons do not come within the terms of the act because of their violation of the federal law. The argument of petitioner's counsel to the effect that the act applies only to those persons who have complied with the federal statute with reference to posting the receipts for the payment of such tax is, we think, unsound. While section 2 of the act, when given a literal construction, and without considering the other portions of the act, would appear to sustain petitioner's contention, in this respect, we think it apparent that when the whole act is construed together the legislative intent that the same shall apply to all who have paid the federal tax is apparent and such intent must be given effect. That the court in construing a statute must give effect, if possible, to the spirit and intent of the act, so as to effectuate the object sought to be accomplished by the legislature, even though such construction may not seem warranted by the strict letter of its language, is well settled. Vermont Loan & Trust Co. v. Whithed, 2 N. D. 82, 49 N. W. 318; Intoxicating Liquor Cases, 25 Kan. 751, 37 Am. Rep. 284; Boyle v. Northwestern Mutual Relief Ass'n., 95 Wis. 312, 70 N. W. 351; 26 Am. & Eng. Enc. of Law, 602, and cases cited. In Vermont Loan & Trust Co. v. Whithed, 2 N. D., at page 101, 49 N. W. 323, Judge Bartholomew, in disposing of the question of the power of the court to place a limitation upon the language employed by the legislature in order to give effect to the evident object sought to be accomplished by the act, quoted approvingly from the decisions of other courts as follows: "In construing an instrument, the true intention of the framers must

be arrived at, if possible, and, when necessary, the strict letter of the act, instrument or law, must yield to the manifest intent." "Effects and consequences of a construction are to be considered, and when, from a literal interpretation, an effect would follow contrary to the whole intent and spirit of the statute, the intent and not the literal meaning must be regarded." "Whenever such intention can be discovered, it ought to be followed with reason and discretion in the construction of the statute, although such construction seems contrary to the letter of the statute." Section 1 of the act by its terms expressely requires every receipt, stamp or license showing the payment of the special tax levied under the laws of the United States to be registered and published, and if petitioner's contention is sound as to the construction to be given section 2, then these two sections are conflicting. We are convinced, from a consideration of the whole act, that the same was intended to apply alike to all persons in this state having in their possession such receipt, whether the same has been posted or not in compliance with the federal statute, and therefore that the act is not vulnerable to the objection that it is special legislation.

Petitioner's last ground of objection to the validity of the law is that it infringes section 13 of the constitution of this state, which guarantees immunity from self-crimination. We are unable to see any force to this contention. It is certainly legitimate for the legislature, under its police power, to require the utmost publicity in this respect, to the end that a law prohibiting a business injurious to the public welfare may be strictly enforced. In State v. Donovan, 10 N. D. 203, 86 N. W. 709, this court held that it was not an infringement of this section of the constitution to permit the introduction in evidence of the public record of sales which a druggist holding a permit is required to keep by section 9359 of the Revised Codes of 1905. Counsel's contention in the case at bar would, in effect, lead to the conclusion that the above section, requiring the druggist to keep such record, is unconstitutional as being violative of the constitutional provision guaranteeing immunity from self-crimination. And the same reasoning, if sound, would also render void the provision of our Code (section 9383) making the fact that any person has or keeps posted such internal revenue receipt prima facie evidence that such person

is guilty of keeping for sale and selling intoxicating liquors contrary to law. We cannot yield our assent to such a doctrine.

Our conclusion is that the act in question is not vulnerable to any of the objections urged against it by petitioner's counsel.

The writ is accordingly quashed. All concur.