STATE OF NORTH DAKOTA v. GEORGE BALL.

Opinion filed December 3. 1909.

**Intoxicating Liquors—Nuisance— Sufficiency of Information.**

1. Where the prosecution for keeping and maintaining a common nuisance is only against the person, an information charging the keeping of the place where the forbidden acts are committed is sufficient, and a conviction thereunder will be sustained.

**Criminal Law—Intoxicating Liquors—Instructions.**

2. Where, in a prosecution under the prohibition law, the evidence tended to show the sale and keeping for sale of beer, it was proper for the court to instruct the jury that beer was a malt liquor and 'intoxicating.

**Criminal Law—Intoxicating Liquors—Instructions.**

3. Other instructions complained of examined, and held correct, and not prejudicial to defendant.

**Costs—Retaxation.**

4. Under the showing made by appellant, it was error to deny his motion for a retaxation of costs, but such error does not affect the judgment of conviction.

Appeal from Ward County Court; *Davis*, J.

George Ball was convicted of keeping and maintaining a common nuisance, in violation of the prohibition law (Pen. Code, c. 65, Rev. Codes 1905), and he appeals.

Modified, and as modified, affirmed.

*Joseph Denoyer,* for appellant.

*Andrew Miller,* Atty. Gen.; *Alfred Zuger,* Asst. Atty. Gen.; *G. L. Young,* Asst. Atty. Gen., and *Dudley L. Nash,* for the State.

CARMODY, J. The defendant was convicted in the county court of Ward county of the offense of keeping and maintaining a common nuisance, in violation of the provisions of chapter 65 of the Penal Code (Rev. Codes 1905), and appeals from the judgment of conviction.

Upon being arraigned, he interposed a demurrer to the information upon the following grounds: "(1) That the information does not conform to the requirements of the Revised Codes of the state of North Dakota, in that the same does not state the name of any public offense thereunder. (2) That the information does not state

sufficient facts to constitute a public offense," which demurrer was overruled. This ruling is assigned as error. The description of the place in the information is as follows: "A saloon in a building in the village of Ryder, in said county and state." It is claimed by appellant that this description is too indefinite to sustain the conviction in view of the provisions of Sec. 9383, Rev. Codes 1905, which section, as far as material here, is as follows: "It shall not be necessary to state the kind or quantity of liquor sold or kept for sale, and it shall not be necessary to describe the place where sold or kept for sale, except in prosecutions for keeping and maintaining a common nuisance, and in proceedings for enjoining the same, or when a lien is sought to be established against the place where such liquors are illegally sold or kept for sale." It will be noticed that this section simply requires the place to be described. The particular description is not in terms demanded. The state did not seek an order of abatement in this case, nor was any attempt made to establish a lien against the premises in which the nuisance was maintained. The rule is now established that, where the presecution is only against the person, an information charging the keeping of the place where the forbidden acts are committed is sufficient, and a conviction thereunder will be sustained. State v. Rozum, 8 N. D. 548, 80 N. W. 477; State v. Thoemke, 11 N. D. 386, 92 N. W. 480.

Appellant assigns as error the admission of evidence over his objection relative to the location of the building or shack where the offense was alleged to have been committed, and to the refusal of the court to strike out such evidence. What we have said in regard to the overruling of the demurrer is a sufficient answer to this assignment of error. The court instructed the jury that as a matter of law beer is a malt liquor, and is intoxicating. This instruction is assigned as error. That it correctly states the law has so often been decided by this court that a citation of authorities is almost unnecessary. See, however, State v. Currie, 8 N. D. 546, 80 N. W. 475; State v. Seelig, 16 N. D. 177, 112 N. W. 140. The court further instructed the jury as follows: "And if you believe from the evidence beyond a reasonable doubt that the defendant kept and maintained the place mentioned in the information at the time therein stated, or at any time within two years prior to the filing of this information, which was on October 28, 1907, and dis-

pensed beer or kept it as a place where persons were permitted to resort for the purpose of drinking beer as a beverage or kept beer for sale, barter, or delivery, then you should find him guilty as charged in the information." Appellant objects to the use of the words "dispensed beer," claiming that the jury might have understood, and no doubt did, that simply dispensing beer was enough, no matter whether it was kept for sale or not. This objection is extremely technical and without merit. "Dispense" means to deal out in portions, to distribute, to give. If he kept the place charged in the information where persons were permitted to resort for the purpose of drinking intoxicating liquors as a beverage or where intoxicating liquors were kept for sale, barter or delivery, in violation of said chapter 65, it made no difference whether he dispensed beer or not; he was guilty. Section 9373, Rev. Codes 1905. It follows from what we have hereinbefore stated that appellant's motion in arrest of judgment was properly overruled.

The court sentenced the appellant to imprisonment in the county jail of Ward county for 90 days and to pay a fine of $200 and costs of prosecution taxed at $300, amounting in all to $500, and, in default of paying said fine and costs, that he be imprisoned in the said county jail of Ward county for the further period of 30 days. Appellant upon the affidavit of his attorney made a motion for a retaxation of the costs, which motion was denied and exception taken. Upon the showing made by appellant, this motion should have been granted. The trial court is directed to allow a retaxation of the costs and any sum deducted upon such retaxation be credited upon the costs taxed in the judgment, but this in no way to interfere with the judgment of conviction.

As modified, the judgment is affirmed. All concur.
123 N. W. 826.