THE STATE OF NORTH DAKOTA v. GEORGE KRUSE.

Opinion filed December 23, 1909.

**Intoxicating Liquors — Information — Indictment — Nuisance — Elements of the Offense.**

1. Where the prosecution for keeping and maintaining a common nuisance is only against the person, and where the state does not seek an order of abatement of the nuisance or to establish a lien against the premises in which the nuisance was maintained, an information charging the keeping of the place where the forbidden acts are committed is sufficient.

**Same — Instructions.**

2. Instructions complained of examined, and *held* prejudicial to defendant.

**Same — Evidence.**

3. Evidence as to who rented the building where the alleged nuisance was maintained was, on motion of the state, stricken out. *Held,* error.

**Criminal Law — Taxation of Costs.**

4. In cases of conviction the costs of prosecution in criminal actions should be taxed by the clerk the same as in civil actions.

Appeal from Ward County Court; *N. Davis,* J.

George Kruse was convicted of maintaining a common nuisance, and he appeals.

Reversed, and new trial ordered.

*F. B. Lambert,* for appellant.

*Andrew Miller,* Attorney General, and *Dudley L. Nash,* State's Attorney, for respondent.

CARMODY, J. The defendant was convicted in the county court of Ward county of the offense of keeping and maintaining a common nuisance during the two years immediately prior to February 17, 1908, in violation of the provisions of chapter 65 of the Penal Code (Rev. Codes 1905, sections 9353-9395), and appeals from the judgment of conviction and the order denying his motion for a new trial. Upon being arraigned he interposed a demurrer to the information upon the following grounds: (1) "That it does not substantially conform to the Code of North Dakota for the year 1905." (2) "That more than one offense is charged therein." (3) "That the facts therein stated do not constitute a

public offense"—which demurrer was overruled. This ruling is assigned as error but is not argued in appellant's brief.

The description of the place in the information is as follows: "A saloon in a building situated in the city of Minot, in said county and state."

John J. Lee, sheriff of Ward county, testified: That he knew the defendant. Arrested him at the Minot Hotel in the city of Minot, Ward county, N. D., in the evening between 8 and 9 o'clock. Saw him behind the show case. After the arrest the sheriff compelled defendant to open a box in the kitchen, out of which the sheriff took part of a barrel of Val Blatz beer. There was a padlock on the box. The sheriff told the defendant to open it, and defendant said he would get the keys. He walked out and the sheriff went with him. Defendant then came back, took the keys out of his pocket and opened it. The box from which the beer was taken was built like a counter, with a cover and a table cloth over it. There was room for a couple of barrels. There was only one barrel there, and it was pretty near full. About a dozen bottles had been taken out. The bottles were branded "Val Blatz beer." The sheriff arrested the defendant on the 22d day of December, 1907. Had no search warrant; had a warrant for defendant. Defendant told the sheriff that he could look elsewhere in the building. Defendant opened the box himself.

Thomas Lacy testified: That he resided at Minot for 14 years. Knew the defendant for about two and a half years. Knew him during the year 1907. He was running the Minot Hotel. Lacy boarded there for a while in November, 1907, before Defendant was arrested. Bought meal tickets from him. Bought beverages from the defendant, probably in November. Bought them in the rear end of the hotel. The beverage was of a kind of reddish color. It looked like beer; was labeled "Peerless beer." Bought the same beverage from the defendant in the same hotel several times. Paid him 35 cents a bottle for it. He handed out the beverage personally. Lacy probably drank out of bottles and glasses. Defendant pulled the caps off the bottles and delivered them to Lacy personally. This occurred in the Minot Hotel, Ward county, N. D.

W. J. Carroll testified: That he lived in Minot for 21 years. Knew the defendant for about a year. Was in the Minot Hotel during the year 1907. Saw the defendant there. Carroll went there to get change, eat meals, and get something to drink. He got

beer from the defendant; could not tell how many times; once or twice a week, and maybe more; paid the defendant 35 cents a bottle, and he delivered the beer to Carroll personally. This was in the room off the kitchen. Carroll thinks defendant went in the direction of the kitchen to get the beer; sold it by the bottle. There were some chairs there. Defendant delivered it to them. Carroll was usually there once or twice a week, and again for a whole week he would not be there. Ordinarily he paid the defendant for the beer. Once or twice the defendant treated to beer. Carroll was in there and drank beer during August, September and October, 1907; got the beverage out of beer bottles. Some of them were labeled "Blatz" and some "Gund's Peerless."

W. S. Shaw testified: That he lived in Minot for about seven years. Knew the defendant and knew his hotel. Could not swear that he bought anything to drink in the Minot Hotel during the summer. He was in there with other parties a time or two and drank with them; got the stuff in bottles. It looked like beer and tasted like beer. They paid defendant for it. Defendant handed out the bottles himself and took the money. This was in August, September or November, 1907.

Section 13 of our prohibition statute (chapter 110, page 321, Laws 1890) declares that "all places where intoxicating liquors are sold, bartered or given away, in violation of any of the provisions of this act, or where persons are permitted to resort for the purpose of drinking intoxicating liquors as a beverage, or where intoxicating liquors are kept for sale, barter or delivery in violation of this act, are hereby declared to be common nuisances," and it is further provided that the owner or keeper of such place shall, upon conviction thereof, "be adjudged guilty of keeping a common nuisance." The selling of intoxicating liquors contrary to the provisions of this act does not constitute the offense nor does the keeping of intoxicating liquors for sale contrary to the provisions of this act constitute the offense. Neither is the offense committed by permitting persons to resort to the place for the purpose of drinking intoxicating liquors as a beverage. They are evidences of the offense. It is keeping the place where these things, or some of them, are done, that constitutes the offense. Proof of keeping by the defendant, and that any one of the prohibited acts was done by the defendant in such place during such keeping, would make the offense complete. State v. Dellaire, 4 N.

D. 312, 60 N. W. 988; State v. Rozum, 8 N. D. 548, 80 N. W. 477; State v. Thoemke, 11 N. D. 386, 92 N. W. 480.

Appellant attempted to show, by the owner of the hotel building in which the nuisance was alleged to have been maintained, that the building was rented to appellant's wife, also, that meal tickets were issued by her. This evidence was objected to by the state, and the objection sustained, and some evidence that was given on these points, was, on motion of the state, stricken out. These rulings are now complained of as error. While it is not necessarily the owner of the building, but the keeper, who is guilty of maintaining a nuisance, and while the wife may own or rent the property in which the nuisance is maintained, if the husband permits a common niusance to be kept and maintained in the building by his wife and enjoys the fruits of the illegal traffic, then he must share with her the responsibility therefor, or if he assented to and participated in the business, or exercised acts of control over the property, then he was guilty of keeping a nuisance. When the husband lives in the house and exercises acts of control and management, he is the keeper, notwithstanding the wife may own or rent the building and carry on the business therein and receive all the profits. State v. Rozum, 8 N. D. 548, 80 N. W. 477. Still, in our opinion, the evidence objected to and stricken out should have gone to the jury on the question of who was the keeper of the place, who had the care, custody and superintendence of it, and the court erred in the ruling complained of.

Appellant complains of the instructions of the trial court. The only parts of the instructions that we shall consider in this opinion are as follows: "If you find from the evidence that the defendant sold or kept for sale beer, at the time and place mentioned in the information, you must find him guilty of keeping and maintaining a common nuisance, even though you find that he did not own or lease the place.

"It is wholly immaterial as to who owned or leased the place, provided you are satisfied from the evidence, beyond a reasonable doubt, that the defendant at such place sold beer, or kept beer for sale, unlawfully.

"The keeping of intoxicating liquors at the place for sale unlawfully, or the selling of intoxicating liquors at such place, or the permitting of persons to resort to a place for the purpose of drinking intoxicating liquors as a beverage, is what constitutes the crime

charged, and if you find from the evidence to your satisfaction, beyond a reasonable doubt, that any of these things were done by the defendant in the place mentioned and at the times mentioned in the information, you should find him guilty."

The court had, previous to giving the instructions complained of, given to the jury correct instructions as to law. The state's attorney in his brief claims that the defendant could not be prejudiced by the instructions complained of for the reason that the court had in a previous portion of his charge given correct instructions. We cannot assent to this proposition. The instructions complained of were given last, and we cannot say that the jury did not base its verdict of guilty on the instructions complained of. In any event, appellant was entitled to have his case submitted to the jury on correct instructions as to the law constituting the offense with which he was charged.

Appellant's contention that the description in the information of the place where the alleged nuisance was maintained is insufficient must be overruled. The information sufficiently describes the place of the alleged nuisance. The state did not seek an order of abatement in this case, nor was any attempt made to establish a lien against the premises in which the nuisance was maintained. Hence the description was sufficient. State v. Ball (decided recently by this court) 123 N. W. 826; State v. Rozum, 8 N. D. 548, 80 N. W. 477; State v. Thoemke, 11 N. D. 386, 92 N. W. 480; State v. Wisnewski, 13 N. D. 649, 102 N. W. 883; Commonwealth v. Logan, 12 Gray (Mass.) 136; Commonwealth v. Gallagher, 1 Allen (Mass.) 592; State v. Kreig, 13 Iowa, 463; State v. Waltz, 74 Iowa, 610, 38 N. W. 494; State v. Lang, 63 Me. 215.

The court taxed $500 costs. Appellant complains of the taxation of costs in his brief, but does not assign it as error, neither did he, as far as the record shows, bring the matter to the attention of the trial court. Section 9545 of the Revised Codes of 1905 reads as follows: "In all cases of conviction, costs of prosecution shall be taxed against the defendant, and enforced as other judgments in criminal causes." While we cannot review the taxation of costs by the county court in the case at bar, we are of the opinion that costs in criminal actions should be taxed by the clerk the same as in civil actions.

Judgment and order reversed, and a new trial ordered.    All concur.

(124 N. W. 385.)

NOTE—See note to State v. Nelson, 13 N. D. 122. Possession and display of U. S. Revenue License is prima facie, not conclusive evidence. State v. Momberg, 14 N. D. 291, 103 N. W. 566. Error to charge "any liquors which contain any percentage of alcohol, if sold as a beverage," is intoxicating. State v. Virgo, Id. 293, 103 N. W. 610. Where one procures kegs of beer with no previous arrangement with others, and permitted all to drink of it, who desired, and paid for the same, a price fixed and requested by him, such sales are unlawful. State v. Nelson, 14 N. D. 297, 103 N. W. 609. Sale by a storekeeper in good faith of patent medicine, is no violation of the prohibition law, although such medicine contains alcohol as an ingredient. State v. Williams, 14 N. D. 411. Whether sale of liquid is made as a medicine is or beverage is for the jury. Id. Instruction, that a sale of patent medicine is unlawful unless made by a registered pharmacist, is erroneous. Id. Information charging an offense as committed "on the 1st day of January, 1904, and on divers and sundry days and times between that day and the 24th day of April, 1905, and on the 24th day of April, 1905," is sufficiently certain, and not duplicitous. State v. Brown, 14 N. D. 529, 104 N. W. 1112. An information charging a nuisance as kept in two adjacent buildings within the same curtilage, particularly describing the place, is neither uncertain nor double. Id. Where a nuisance is charged, as in a frame building on certain described lots, evidence that one is maintained in another building on same lots is not relevant. State v. Poull, 14 N. D. 557, 105 N. W. 717.

Information must describe the place where nuisance is maintained before abatement proceedings can be based thereon. Id. "Place" means a particular building or apartment where sale is made, or intoxicants kept for sale.

Error to instruct if liquor contained the alcoholic principle and could reasonably be used as a beverage. State v. Seeling, 16 N. D. 177, 112 N. W. 140. Act requiring publication of government liquor license is constitutional. State v. Hanson, 16 N. D. 347, 113 N. W. 371. Federal power to tax does not interfere with state's right to prohibit. Id. State may order publicity to be given to the possession of a government liquor receipt for liquor tax. Id. Liquors delivered F. O. B. in Minneapolis consigned to a buyer in North Dakota are sales in Minnesota. Frankel v. Hillier, 16 N. D. 387, 113 N. W. 1067. Vendor's knowledge of vendee's intent to dispose of the liquors sold in violation of the prohibition law of North Dakota, is no defense to claim for the purchase price due such vendor. Id. Contract of partnership to sell intoxicants unlawfully affords no defense to vendee's claim for liquor sold it, if the latter was no way connected with the illegal contract. Id. Railway station records and receipts showing delivery of intoxicating liquors in large quantities, are competent evidence in a prosecution for violation of prohibition law. State v. Dahlquist, 17 N. D. 40, 115 N. W. 81.

An information charging "that continuously between certain designated dates defendant kept and maintained a place where intoxicating liquors were continuously sold, etc., is sufficient. State v. Stevens, 19 N. D. 249, 123 N. W. 888. Limit of period of imprisonment for fine and costs under the prohibition law is six months. State v. Stevens. Id. Information may charge violation of prohibition law as second offense, although complaint at preliminary examination did not so charge. State v. O'Neal, 19 N. D. 426, 124 N. W. 68. May charge nuisance as committed on a specifically described tract, although different mode of description was employed in complaint before committing magistrate. State v. ONeal. Id. If nuisance is charged as existing on a particular quarter section of land, no proof that it existed elsewhere is admissible. Id. It is error to charge that a defendant can be convicted of keeping a nuisance elsewhere than the place specified in the information. Id. In prosecution for nuisance against the person only, and not against the place, the mere charging of keeping is sufficient. State v. Ball, 19 N. D. .... 123 N W. 826. Where proof shows a sale of beer, it is proper for the court to charge that beer is intoxicating. Id. "Dispense" means to deal out, distribute, to give. Id.

In prosecution of violation of prohibition law, attorney general may appear before the grand jury with all powers of state's attorney. State v. District Court, 124 N. W. 417.