[Crim. No. 1379. First Appellate District, Division Two.—April 22,
1927.]

# THE PEOPLE, Respondent, v. JOSEPH COLOMBO, Appellant.

[1] CRIMINAL LAW—INTOXICATING LIQUORS—MAINTAINING NUISANCE—
DESCRIPTION OF PLACE — PLEADING.—In a prosecution for main-
taining a nuisance in violation of the Wright Act and section
21 of the Volstead Act, it is sufficient if the place is designated
sufficiently to enable a person of common understanding to know
what is intended, and allege the facts in substantial agreement
with the language of the statute constituting the offense.

[2] ID. — NATURE OF PROSECUTION — DESCRIPTION OF PLACE. — Such
prosecution does not proceed against the place as for abatement
but against the person only, and for that reason an exact de-
scription of the place is unnecessary.

[3] ID. — MAINTENANCE OF NUISANCE — DESCRIPTION—INFORMATION.—
In such prosecution, the information sufficiently informed the
defendant of the nature of the charge proven in stating "a place
situated on Ferry Street adjoining and fronting on lots 1 and
2," etc.

[4] ID.—ADJOINING PREMISES—TITLE—SURROUNDING CIRCUMSTANCES—
EVIDENCE. — In such prosecution, evidence concerning the lots,
shack, and yard where liquor was found and near the place
where defendant maintained a taxi-stand was admissible as show-
ing circumstances from which the jury might infer the truth

1. See 14 Cal. Jur. 25.

of the real charge, notwithstanding that said lots, shack, and yard were not shown to belong to the defendant and that he was not proved to possess a key to the shack.

[5] ID.—CONGREGATION OF INTOXICATED PERSONS—EVIDENCE.—In such prosecution, the testimony of the surrounding circumstances including the congregation at the place of intoxicated persons was material proof to establish the maintenance of a common nuisance.

(1) 33 C. J., p. 734, n. 24.   (2) 33 C. J., p. 717, n. 99.   (4) 33 C. J., p. 770, n. 27.   (5) 33 C. J., p. 770, n. 29.

APPEAL from a judgment of the Superior Court of Contra Costa County and from an order denying a new trial. A. B. McKenzie, Judge. Affirmed.

The facts are stated in the opinion of the court.

Thos. D. Johnston and H. M. Bishop for Appellant.

U. S. Webb, Attorney-General, and Emery F. Mitchell for Respondent.

KOFORD, P. J.—Defendant was convicted of maintaining a nuisance in violation of the Wright Act (Stats. 1921, chap. 80, p. 79) and section 21 of the Volstead Act (U. S. Comp. Stats., § 10138½jj). The information as amended charged in part as follows:

"The said Joseph Colombo on the 16th day of September, . . . at Martinez, . . . did then and there unlawfully maintain a common nuisance, to-wit: a place situated on Ferry Street, adjoining and fronting on lots 1 and 2, Block 319, and on said lots 1 and 2, Block 319, as the same are delineated and designated on that certain map entitled "Map of the Original and Additional Surveys of the Town of Martinez, filed March 30, 1895, in the office of the County Recorder, . . . where intoxicating liquors, to-wit: wine and whiskey, were kept, sold and stored, for beverage purposes. . . . "

Appellant urges that his demurrer to this information should have been sustained in that the place alleged to have been maintained by him is not described therein with sufficient certainty. [1] It is sufficient if the place is designated sufficiently to enable a person of common under-

standing to know what is intended (Pen. Code, sec. 950, subd. 2), and allege the facts in substantial agreement with the language of the statute constituting the offense. (*People* v. *Frankovich*, 64 Cal. App. 184, 188 [221 Pac. 671].) [2] This prosecution does not proceed against the place as for abatement but against the person only, and for that reason an exact description of the place is unnecessary. (*State* v. *Kruse*, 19 N. D. 203 [124 N. W. 385]; *State* v. *Wheeler*, 38 N. D. 456 [165 N. W. 574]; 33 Cor. Jur., sec. 430, p. 717, cases cited in note 99.)

The testimony was to the effect that defendant for several years had conducted a taxi business at a stand in the street fronting on the lots described in the information. He had no regular office, but had a telephone attached to one of the buildings on the lots for receiving calls. On September 16th special agents of the district attorney's office purchased from him one-half gallon of whisky. They drove up to the taxi-stand, found defendant sitting in his taxi, and asked for the liquor. Defendant went in behind the first building on the lot and returned with the liquor, which he then delivered and sold. The agents then went behind the building and, following a path into the rear of the lot, discovered a bottle of liquor concealed alongside a fence, and, upon looking into a small shack, found a number of containers holding whisky and wine, also articles useful in the sale and dispensing of liquor, such as bottles and corks. The door was forced and the liquor taken for evidence. There was also testimony of several other sales of liquor made by defendant immediately prior to this one. The details of these sales narrated by the witnesses were quite similar in details to the one described above. A diagram of the lots, shack, building, and taxi-stand was used by the witnesses in explaining the operations of the defendant on such occasions and his acts and conduct in and about the place in general. The evidence warranted the jury in concluding that the defendant used the place of his taxi-stand in the street in front of the lots described to receive orders for and deliver liquor in exchange for money and that the source of the liquor supply and place of storage was in the yard or shack in the rear.

[3] The information sufficiently informed the defendant of the nature of the charge proven in stating "a place sit-

uated on Ferry Street adjoining and fronting on lots 1 and 2 etc.''

[4] The evidence concerning the lots, shack, and yard is attacked in that these were not shown to belong to the defendant and that he was not proven to possess a key to the shack. It is also urged that defendant's brother being the owner of the lots, defendant had no right to dispel the gatherings of persons ''hanging around.'' These matters, however, do not purport to constitute a crime in themselves in this prosecution, but are admissible as circumstances from which the jury might infer the truth of the real charge.

[5] The railroad station agent, at the depot close by, testified over objection that there were a good many intoxicated people ''hanging around'' that corner, more so than any other place in town. On cross-examination he stated he did not know that these people got their liquor from the defendant. Several other witnesses gave similar testimony. Possession or sale of intoxicating liquor for beverage purposes is one crime and maintaining a room, building, vehicle or place where intoxicating liquor is sold or kept is another, to wit: a common nuisance and misdemeanor. More proof is required for the latter than the former. The testimony of the witnesses last referred to is objected to as insufficient to connect the defendant with responsibility for the maintenance of the ''place,'' and, on the other hand, the testimony as a whole is attacked by appellant as insufficient to establish the misdemeanor of maintaining a common nuisance because it is claimed to establish only an isolated sale. He should say several isolated sales.

The testimony of the surrounding circumstances, including the congregation at the place of intoxicated persons, is material proof upon a prosecution for maintaining a common nuisance. In *People* v. *Mehra,* 73 Cal. App. 162 [238 Pac. 802], the following passage is quoted from *Barker* v. *United States,* 289 Fed. 249: ''Though a single sale of liquor, or the mere unlawful possession, does not under all circumstances violate National Prohibition Act, tit. 2, sec. 21, making it punishable to maintain a nuisance by keeping a place for the violation of the act, the circumstances surrounding the sale or the single act of possession may be such as to warrant the inference that the single act was part

of a habit, and therefore sufficient to sustain a conviction for nuisance.''

After reviewing the authorities upon the subject, the court in *People* v. *Mehra (supra)*, at page 170, summarizes some of the facts which may or should be proven in addition to a single act of possession or sale in order to raise the inference of a purpose to sell and support the charge of a nuisance. The presence of numbers of intoxicated persons is of the same class as those mentioned. The evidence complained of was essential and material.

The case of *People* v. *Johnson*, 63 Cal. App. 178 [218 Pac. 449], relied on by appellant is not contrary. It was there held error to admit proof of reputation of the place which was held hearsay, while here the trial court limited the witnesses to testifying to what they themselves had seen.

We see no error in the record and it is ordered that the judgment and order denying new trial appealed from be and the same are hereby affirmed.

Nourse, J., and Sturtevant, J., concurred.